JOAN CASSON, Respondent, v PHILLIP CASSON, Appellant.

First Department, March 12, 1985

#### APPEARANCES OF COUNSEL

*Cecile C. Weich* of counsel (*Arthur Richenthal* with her on the brief; *Richenthal, Abrams & Moss,* attorneys), for appellant.

*Irving Heisler* of counsel (*Klein & Heisler,* attorneys), for respondent.

#### OPINION OF THE COURT

Ross, J.

The instant appeal raises the issue of whether the doctrine of res judicata should be applied to a determination of the Family Court, which held valid the child support provisions of a separation agreement.

On October 2, 1969, in New York City, plaintiff Joan Moore Casson married defendant Phillip Casson, who is a physician. Thereafter, a daughter, Christina, was born in April 1970. Subsequently, the parties executed a separation agreement (agreement), dated October 5, 1970; and then, less than a month

later, defendant husband went to Mexico and obtained a judgment of divorce, dated October 24, 1970, which judgment incorporated by reference but did not merge, the provisions of this agreement.

Under paragraph 7 of that agreement, while sole custody of the child has been given to the plaintiff, the defendant has been permitted reasonable visitation privileges.

The defendant's obligation to provide for the child's financial needs is spelled out in detail in paragraph 9 of the subject agreement, which is entitled: "SUPPORT, MAINTENANCE, AND EDUCATION OF CHILD." This paragraph contains three subdivisions, a through c, and, pursuant to them, defendant is, *inter alia,* required, in pertinent part:

(a) to pay $500 per month for support and maintenance;

(b) to increase the monthly support and maintenance payment, mentioned in (a), by the "additional sum of Fifty ($50.00) Dollars per month for each Five Thousand ($5,000.00) Dollars net after taxes earned by the Husband in excess of Thirty Thousand ($30,000.00) Dollars per annum commencing with the year 1970"; and,

(c) to pay education expenses "from kindergarten school through college", and the plaintiff is to have the sole discretion to determine if the child is to be sent to private school or schools.

In May 1982, plaintiff commenced the instant action in the Supreme Court, New York County, to recover on the child's behalf, alleged arrears from the defendant. According to the complaint, the defendant owes: (1) based upon the formula set forth in subdivision (b), additional support and maintenance for the last six years, since defendant's earnings have increased; and, (2) pursuant to subdivision (c), five years of private school tuition payments, in the sum of $12,275, plus interest.

Defendant answered, and in his seventh affirmative defense and counterclaim he asserts, in substance, that: "The Separation Agreement, and in particular the provisions dealing with tuition payments and increase of support based upon defendant's earnings, are unfair and inequitable when made and at present."

Following the joinder of issue, plaintiff moved to, *inter alia,* strike this seventh affirmative defense and counterclaim, upon the ground of the doctrine of res judicata, since this exact issue of whether the agreement was "unfair and inequitable when made" had been previously raised as a defense by defendant in a Family Court proceeding between the parties, and that issue

had been resolved against him, in an order/judgment (one paper) of the Family Court, New York County (Phillip B. Thurston, J.), entered July 21, 1977, which granted summary judgment to the plaintiff-petitioner for child support arrears of $500 per month for six months in the total amount of $3,000. Subsequently, we unanimously affirmed, without opinion, this Family Court order/judgment (61 AD2d 893 [1st Dept 1978]).

The plaintiff, as petitioner, initiated this earlier Family Court proceeding to collect from defendant the monthly support and maintenance due the child, pursuant to subdivision (a) of paragraph 9.

■ Even though a copy of defendant's answer is not contained in the instant record on appeal, the records of this court contain a copy, in view of the fact that, as mentioned *supra,* the Family Court result was appealed to us (appeal number 1764 of January 1978). It is hornbook law that "a court may take judicial notice of its own records (Richardson, Evidence [10th ed], § 652)" (*Weinberg v Hillbrae Bldrs.,* 58 AD2d 546 [1st Dept 1977]). Thus, we will make reference in this opinion to relevant documents in that prior record on appeal, and now a part of our official records.

Although only support and maintenance arrears were being sought in the Family Court proceeding, defendant in the first affirmative defense of his answer put in issue the validity of the entire agreement. In the fourth paragraph of that answer, defendant contended, in pertinent part, that he was not liable for child support since "an invalid separation agreement [was] procured by petitioner's [plaintiff's] duress and fraud committed upon respondent [defendant], and such separation agreement was also unconscionable and overreaching as to the respondent [defendant] at the time it was made." Furthermore, in this particular affirmative defense, which consisted of nine separate paragraphs, the defendant asserted, *inter alia,* that he only married the plaintiff because she accused him of making her pregnant with Christina, and that he only signed the subject agreement when "petitioner [plaintiff] threatened that if respondent [defendant] did not sign the * * * agreement in the form presented, she would raise a problem with the immigration authorities as to respondent's [defendant's] moral character and respondent [defendant] would not be able to obtain United States citizenship and would be forced to leave this country" (note: this quotation comes from the tenth paragraph of defendant's answer).

After receiving defendant-respondent's answer, plaintiff-petitioner moved for, *inter alia,* summary judgment. As mentioned *supra,* the Family Court granted petitioner's motion; and, thus, rejected defendant's attack on the validity of the agreement. Incidentally, on appeal before us from this Family Court determination, defendant-respondent apparently gave up his contention that the agreement was not valid since he did not raise it in either his main or reply briefs. The two arguments made by defendant-respondent to us were that Family Court allegedly erred by: (1) denying him a hearing concerning plaintiff-petitioner's means and ability to contribute to the support of the child; and, (2) denying him an opportunity to prove that he is not the father of the child by a blood-grouping test.

In the instant action, Special Term granted plaintiff's motion to dismiss defendant's seventh affirmative defense and counterclaim, upon the doctrine of res judicata.

██ Based upon our comparison of defendant's seventh affirmative defense and counterclaim in the instant action with defendant's first affirmative defense in the prior Family Court action, we agree with Special Term's application of res judicata, since the issue, in substance, was the same: was the separation agreement invalid, due to its allegedly being unfair and unequitable, as a result of plaintiff's overreaching? Defendant fully litigated this issue in the Family Court and it was resolved against him. As we unanimously stated in *Mutual Fire, Mar. & Inland Ins. Co. v James & Co.* (92 AD2d 203, 208 [1st Dept 1983], *affd* 61 NY2d 680 [1984]), "[j]ustice and fairness precludes the [defendant] from again litigating [this] same issue".

The contention of the dissent that the sole matter before the Family Court was the recovery of "arrears in support under paragraph 9 (a) of the agreement" is not justified by an examination of the record in that proceeding, since that position completely ignores the defendant's assertion of his first affirmative defense, which put into issue the validity of all of the provisions of the separation agreement, including the provisions dealing with support and maintenance.

Furthermore, the dissent's statement that because the Family Court lacks equity jurisdiction, it cannot "set aside or modify the terms of the separation agreement" misperceives the powers of the Family Court. (*Cf. Matter of Brescia v Fitts,* 56 NY2d 132, 139 [1982].)

Accordingly, the order, Supreme Court, New York County (Hortense Gabel, J.), entered November 18, 1983 which, *inter alia,* granted plaintiff's motion dismissing defendant's seventh

affirmative defense and counterclaim, should be affirmed, without costs.

KASSAL, J. (dissenting). I disagree with the majority, which sustained the determination at Special Term, granting summary judgment dismissing defendant's seventh affirmative defense and counterclaim as barred by res judicata and/or collateral estoppel. Accordingly, I would reverse the order to the extent appealed from and reinstate the seventh affirmative defense and counterclaim alleged in the answer.

The parties were married on October 2, 1969. On September 5, 1970, they entered into a separation agreement and were subsequently divorced in Mexico on October 24, 1970, the separation agreement being incorporated, but not merged, in the divorce judgment. There is one child, born April 29, 1970.

Paragraph 9 (a) of the separation agreement fixed child support at $500 per month. Paragraph 9 (b) provided for an escalation formula for increases in support and maintenance of their daughter, Christina, on the basis of $50 per month for each $5,000 net after taxes earned by the husband in excess of $30,000. Paragraph 9 (c) of the agreement further obligated defendant to pay all reasonable medical, dental and educational expenses.

In January 1977, prior to commencement of this action, plaintiff had brought a proceeding in the Family Court to recover six months arrears in child support, totaling $3,000. Defendant there counterclaimed, *inter alia,* to set aside the agreement on the ground of fraud and duress and for an equitable apportionment of monthly child support. The Family Court, in an order entered April 29, 1977, dismissed the counterclaim and awarded plaintiff $3,000 for arrearages in child support payments. We affirmed the order without opinion (61 AD2d 893) and defendant has fully complied with our direction.

Subsequently, in May 1982, this action was brought in the Supreme Court to recover arrears for private school tuition for the five-year period beginning with the school year 1977-78, pursuant to paragraph 9 (c) of the agreement, and to enforce the automatic escalation formula under paragraph 9 (b). In his answer, defendant interposed seven affirmative defenses and one counterclaim. The seventh affirmative defense and counterclaim alleges that paragraphs 9 (b) and (c), dealing with escalated support based upon defendant's increased earnings and tuition payments were unfair and inequitable when made and, taking into account that plaintiff's earnings exceeded $85,000

per year, the agreement failed to provide for an apportionment of support obligations commensurate with the respective earnings and financial ability of both parties.

Special Term granted plaintiff's motion to dismiss the affirmative defense and counterclaim, holding that defendant was barred by res judicata from relitigating the counterclaim, which the court found had been passed upon in the prior proceeding in the Family Court. To the contrary, the Family Court proceeding to recover arrears in support under paragraph 9 (a) of the agreement did not involve any issue concerning either paragraph 9 (b) or (c). Inasmuch as consideration of the issue sought to be raised in this action was not permitted to be presented in the Family Court and, in any event, could not be litigated in the prior Family Court proceeding, there is lacking here the critical requisites to invoke the alternate doctrines of res judicata or collateral estoppel. This requires "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Vavolizza v Krieger,* 33 NY2d 351, 356; *cf. Mutual Fire, Mar. & Inland Ins. Co. v James & Co.,* 92 AD2d 203, 207, *affd* 61 NY2d 680.)

In our case, there is neither "identity of issue" nor has there been any "opportunity" afforded defendant to contest the validity of paragraphs 9 (b) and (c) of the agreement, in particular, defendant's seventh affirmative defense that those subdivisions at issue here should be set aside as unfair when made and inequitable now and that there should be an apportionment of support obligations commensurate with the respective earnings and financial ability of the parties. In my view, the majority has misperceived the nature and substance of the seventh affirmative defense interposed in this action, which was not and could not have been asserted in the earlier Family Court proceeding. Thus, neither res judicata nor collateral estoppel applies here. Unlike the situation in *Mutual Fire, Mar. & Inland Ins. Co. v James & Co.* (*supra*), the issue is not the same and, therefore, principles of justice and elementary fairness require that defendant be accorded a legitimate opportunity to defend the action and to set aside the separation agreement. Plaintiff-respondent essentially concedes that the issue was not involved in the prior proceeding, stating on the previous appeal from the Family Court's order of support (appeal No. 1764, 61 AD2d 893), "It is well settled law that the Family Court cannot and will not alter appellant's contract nor excuse him from performance under it."

The majority, by denying that right, has effectively deprived him of fundamental due process rights since that remedy was not available to him in the Family Court.

Moreover, it further appears that the issues sought to be raised could not have been passed upon by the Family Court in the earlier proceeding since that court lacked equity jurisdiction to set aside or modify the terms of the separation agreement (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *see also, Loomis v Loomis,* 288 NY 222). The majority incorrectly relies upon the Court of Appeals opinion in *Brescia.* The issue in our case is not the right of the child to receive "adequate support," a matter which is clearly within the power of the Family Court to adjudicate under Family Court Act § 461 [a] and [b]. (*See, Matter of Brescia v Fitts,* 56 NY2d, at p 139.) Here, the question is the right of the father to obtain a judicial determination as to his claim that these portions of the separation agreement are unconscionable, should be set aside and, thereafter, there should be a readjustment of the respective obligations of the parties to support the child under their agreement. As the court observed in *Brescia,* this "is not properly brought in Family Court, because that court, lacking equity jurisdiction, is without power to set aside or modify the terms of the separation agreement" (56 NY2d, at p 139; *see also, Matter of Boden v Boden,* 42 NY2d 210). In any event, the seventh affirmative defense does not, in any respect, affect the support order of the Family Court or its power to direct support irrespective of any agreement (*see, Matter of Brescia v Fitts, supra*). The rights and obligations of the parties under the agreement are separate and distinct from those under the Family Court order. Therefore, Special Term erred in concluding that defendant was now precluded from litigating the issue in this action.

Accordingly, the order, Supreme Court, New York County (Hortense Gabel, J.), entered November 18, 1983, granting plaintiff's motion for summary judgment dismissing the seventh affirmative defense and counterclaim, should be reversed to the extent appealed from, the motion denied and the seventh affirmative defense and counterclaim reinstated.

KUPFERMAN, J. P., and BLOOM, J., concur with Ross, J.; KASSAL, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on November 18, 1983, affirmed, without costs and without disbursements.