■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered February 22, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant did not raise his objection to the adequacy of his plea allocution in the court of first instance and, thus, failed to preserve his claim for appellate review as a matter of law (see, People v Pellegrino, 60 NY2d 636; People v Warren, 47 NY2d 740).

In any event, it is well settled that a guilty plea will be upheld if it was entered knowingly, voluntarily and with understanding of the consequences (North Carolina v Alford, 400 US 25). If these criteria are met, a plea will not be

vacated merely because the defendant was unwilling or unable to describe or admit to the underlying facts of the charged crime *(see, People v Serrano,* 15 NY2d 304).

Criminal Term painstakingly inquired as to whether defendant desired to plead guilty notwithstanding his denial of the facts constituting the crime. Defendant acknowledged that damaging eyewitness testimony, as well as the possibility of conviction of murder in the second degree, were the motivating factors inducing his guilty plea. Since the case against him appeared strong, defendant made "a rational choice * * * to limit the possible penalty to which he would be exposed had he gone to trial" *(People v Jones,* 109 AD2d 893, 894, citing *North Carolina v Alford, supra,* at p 31). O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.