■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ANDREWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered January 5, 1984, convicting him of robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution and bearing in mind that matters involving credibility are primarily for the jury's resolution, we find that the evidence supports the jury's verdict (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Bauer, 113 AD2d 543). Contrary to the defendant's assertions, there was nothing in the record which would justify the conclusion that the sole eyewitness's testimony was incredible as a matter of law. At trial, the defendant was unequivocally identified as one of the men who robbed the complainant's grocery store, and as the one who shot the complainant in the wrist despite the fact that the complainant and the other store employees were offering no resistance to the defendant and his accomplice. The fact that the defendant engaged in this act of gratuitous violence does not, as he suggests, provide any basis for finding the complainant's testimony incredible.

Under the circumstances here presented, the complainant's single fleeting reference during the course of this two-week trial to having seen the defendant in a picture does not require reversal. The Assistant District Attorney acted quickly to curtail this testimony and focused the complainant's testimony on his identification of the defendant at the lineup. This testimony was, in turn, immediately followed by the complain-

ant's identification of the photographs of the lineup which were then admitted into evidence. This prompt curative action negated the risk that the jury would infer that the complainant had seen a mugshot of the defendant, and rather was accurately and fairly calculated to raise an inference that the complainant had referred to the pictures of the lineup. Thus, the prejudice sought to be prevented by the exclusion of testimony regarding extrajudicial photographic identifications of the defendant was not present here and a new trial is accordingly not warranted.

We note that the hearing court correctly refused to suppress the complainant's in-court testimony regarding his identification of the defendant at the lineup as the People met their burden of establishing the reasonableness of the police conduct and the defendant failed to demonstrate that the pretrial identification was unduly suggestive (see, People v Jackson, 108 AD2d 757; People v Rahming, 26 NY2d 411).

The court did not err in quashing the subpoena duces tecum issued to require production of the District Attorney's file on an earlier case wherein the complainant was a defendant. There was absolutely no showing by the defendant that the prosecutor had improperly denied the existence of a prior statement made by the complainant (see, People v Poole, 48 NY2d 144, 149) and the District Attorney's own comments and opinions regarding the complainant in the prior case represented the District Attorney's work product and were not subject to disclosure (see, People v Jones, 91 AD2d 1175; cf. People v Consolazio, 40 NY2d 446, 453, cert denied 433 US 914).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.