■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered July 23, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record discloses that the guilty plea was knowingly and voluntarily entered and that the defendant intelligently waived his rights (see, People v Harris, 61 NY2d 9). It further establishes that Criminal Term properly denied the defendant's motion to withdraw his plea. During the plea allocution, the defendant stated that he was satisfied with defense

counsel's representation. However, on his application to withdraw his plea, the defendant claimed that his counsel was ineffective and he sought the assignment of new counsel. The defendant was afforded a reasonable opportunity to advance his claim. He offered no support for his conclusory allegation of ineffective assistance of counsel. Under the circumstances, no hearing was warranted *(People v Tinsley,* 35 NY2d 926, 927; *People v Colon,* 114 AD2d 967).

Similarly, Criminal Term did not violate the defendant's right to counsel by failing to assign new counsel on the eve of sentencing *(see, People v Sawyer,* 57 NY2d, 12, 18-19, *cert denied* 459 US 1178). There is no indication in the record that the defendant's assigned counsel failed to handle the matter in a competent and professional manner *(see, People v Leach,* 108 AD2d 871). Moreover, the sentence imposed had been agreed upon during plea negotiations *(see, People v Sprow,* 104 AD2d 1056). Requests for the assignment of new counsel should not be granted casually, but only for good cause shown *(People v Sawyer, supra,* at pp 18-19). The defendant did not demonstrate sufficient good cause to merit the desired substitution. Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.