■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTH JETER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 29, 1983, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that there was no suggestive conduct by the police during the lineup procedure creating a substantial likelihood of misidentification (see, People v Andrews, 125 AD2d 478; People v Sorensen, 112 AD2d 1016, lv denied 66 NY2d 767). Moreover, the three complainants all had a chance to observe the defendant for a substantial period under favorable conditions providing an independent basis for their identification (see, People v Adams, 53 NY2d 241; People v Sorensen, supra).

Viewing the evidence in the light most favorable to the People, we find that it is sufficient, as a matter of law, to support the defendant's conviction of the crimes charged (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The court did not err in permitting cross-examination of the

defendant regarding his prior conviction for attempted burglary since both sides agreed prior to the trial to allow such cross-examination. The probative value of the evidence with regard to the defendant's credibility outweighed any prejudicial effect in light of the limited scope of the testimony *(People v Sandoval,* 34 NY2d 371). Nor was the defendant denied effective assistance of counsel because the court, *sua sponte,* did not assign new counsel when it was learned that the defendant and his attorney were having some disagreements as to strategy *(see, People v Medina,* 44 NY2d 199).

There is no indication that the prosecution exceeded the bounds of propriety in its summation. The prosecutor commented upon these matters to be determined by the jury and remained within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105; *People v Brensic,* 119 AD2d 281, *lv granted* 69 NY2d 719).

Finally, based on this record, there is no reason to modify the sentence *(People v Suitte,* 90 AD2d 80). The additional issues raised by the defendant have been examined and are without merit. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.