■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered August 6, 1986, convicting him of attempted robbery in the first degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new hearing on the defendant's predicate felon status and for resentencing.

At the time of his plea, the defendant was assigned an attorney from the Legal Aid Society (hereinafter Legal Aid). Thereafter, another attorney from Legal Aid was assigned to

the defendant's case, and the second attorney (hereinafter defense counsel) represented the defendant on the date of sentencing. On that date, defense counsel appeared and indicated that he was ready to proceed with a predicate felony hearing, having secured the minutes of the prior felony plea proceeding and sentencing, and having read a copy of the Probation Department's presentence report. However, prior to those proceedings, defense counsel submitted to the sentencing court the defendant's *pro se* motion to withdraw his plea on the grounds that his prior assigned counsel from Legal Aid had coerced him into pleading guilty and that he was innocent. Defense counsel sought to be relieved and the assignment of new counsel.

The defendant was afforded a reasonable opportunity to argue his claims but he offered only conclusory allegations of coercion and innocence. The sentencing court, which had also taken the defendant's plea, in denying the motion to withdraw the plea without an evidentiary hearing, correctly noted that a review of the change of plea proceeding indicated no support for the defendant's claims (*see,* CPL 220.60; *People v Ramos,* 63 NY2d 640, 642; *People v Rodriguez,* 126 AD2d 580, *lv denied* 69 NY2d 954). Further, defense counsel's failure to actively participate in the defendant's application to withdraw his plea did not constitute ineffective assistance of counsel because the defendant was "provided adequate opportunity to present his contentions and counsel's lack of participation worked no discernible prejudice" (*People v Kelsch,* 96 AD2d 677, 679; *see also, People v Doherty,* 134 AD2d 513; *People v Johnson,* 91 AD2d 782).

In addition, we find that the sentencing court properly refused to relieve defense counsel prior to deciding the defendant's motion to withdraw his plea (*see, People v Rodriguez, supra*). However, after the denial of the defendant's motion to withdraw his plea, when defense counsel indicated that he did not intend to say anything with respect to the defendant's challenge to his predicate felon status and his sentence, the defendant was effectively left without counsel to represent him with respect to these two issues.

Accordingly, the matter is remitted to the Supreme Court, Kings County, for a new predicate felony hearing and resentencing. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.