■ The People of the State of New York, Respondent, v Richard Shropshire, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered June 10, 1988, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not raise his objection to the adequacy of his plea allocution in the court of first instance. Thus, any issue of law with respect to his claim has not been preserved for appellate review (see, People v Pellegrino, 60 NY2d 636). In any event, a review of the record belies the defendant's contention that he was induced to enter an *Alford* plea of guilty (see, North Carolina v Alford, 400 US 25) based upon the prosecutor's allegedly erroneous remarks regarding the mandatory sentences to which the defendant would be exposed if he was convicted after trial of the highest count of the indictment and adjudicated a persistent violent felony offender. The remarks, albeit uneloquent, were neither misleading nor erroneous (see, Penal Law § 70.08 [2], [3] [b]). Here, the plea minutes establish that the factor which induced the defendant to plead guilty to a reduced charge was the strength of the prosecution's case against him on the highest count of the indictment (see, People v Brown, 114 AD2d 1036).

Furthermore, we find that the defense counsel's performance amply met the standard of meaningful representation as evidenced by the favorable plea bargain, which permitted the defendant, despite his status as a second violent felony offender, to plead guilty to a reduced charge in exchange for the minimum allowable sentence which could be imposed (see, e.g., People v Candelaria, 139 AD2d 752; People v Kelsch, 96 AD2d 677). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.