■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE GARRISON, Appellant.—Appeals by the defendant from three judgments of the County Court, Nassau County (Harrington, J.), all rendered December 7, 1982, convicting him of robbery in the first degree (15 counts), rape in the first degree (three counts), sodomy in the first degree, burglary in the first degree (three counts), assault in the second degree, and aggravated sexual abuse under indictment number 54697, attempted murder in the second degree (two counts), rape in the first degree, assault in the first degree (six counts), and robbery in the first degree (122 counts) under indictment number 54775, and attempted murder in the second degree, robbery in the first degree (nine counts), and assault in the second degree under indictment number 54733, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

As we held in affirming a codefendant's conviction, "[u]nder the unusual circumstances of this case, it was not improper for the County Court to accept the defendant's pleas of guilty to a total of 166 felony counts, as set forth in three indictments, without requiring the defendant to give a factual allocution with respect to each count *(see, People v Harris,* 61 NY2d 9, 16-17)" *(People v Samuel,* 141 AD2d 778).

In addition, we find that the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his guilty pleas prior to imposing sentences *(see, People v Frederick,* 45 NY2d 520, 524-525; *People v Bell,* 141 AD2d 749, 750; *People v Irizzary,* 125 AD2d 589).

Finally, contrary to the defendant's contention, we find that he was effectively assisted by counsel during all the court proceedings *(see, People v Bell, supra; People v Rodriguez,* 126 AD2d 580, 581). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.