■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered July 21, 1987, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence of 3½ to 7 years' imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant contends that his guilty plea to the lesser included offense of attempted burglary in the second degree was not voluntarily and knowingly entered because it was predicated upon his mistaken belief that the imposed sentence would run concurrently with the undischarged sentence of imprisonment for his prior felony conviction.

At the time defendant pleaded guilty, the court promised to impose a sentence of "three and a half to seven years in jail as a second felony offender." Given the defendant's status as a second felony offender, the court was required, pursuant to Penal Law § 70.25 (2-a), to impose a sentence that runs consecutively with any undischarged sentence for the defendant's prior conviction. A review of the plea minutes discloses that no promise was made by the court that the defendant's sentence would run concurrently with any undischarged parole time. Any off-the-record promise of a concurrent sentence is belied by the defendant's acknowledgment during the plea allocution that no other promises had been made to induce his guilty plea. No inquiry was ever made by the defendant or his attorney as to whether the sentence would run consecutively with the undischarged sentence. Under the circumstances, we can only presume that at the time the plea was entered, both

the court and defendant's attorney were aware that a consecutive sentence was required by Penal Law § 70.25 (2-a) and that counsel so advised his client (see, People v Jones, 88 AD2d 1096; People v Verderosa, 80 AD2d 930). Since an objective reading of the plea bargain was susceptible to but one interpretation, the defendant's misunderstanding of the agreement or disappointment with his sentence does not suffice as a reason for vacating his guilty plea (see, People v Cataldo, 39 NY2d 578; People v Welch, 129 AD2d 752; People v Latine, 71 AD2d 697; People v Lang, 55 AD2d 790).

The defendant contends that this case is distinguishable because the Trial Judge was also acting under a mutual misapprehension of law, as evidenced by his pronouncement, at sentence, that the indeterminate sentence would run "concurrently" with parole time owed. This contention is negated by the trial court's disposition of the defendant's pro se post-judgment motion. Although the order of the Trial Judge dated June 5, 1989, disposing of that motion is dehors the record (see, People v Piparo, 134 AD2d 295), we have taken judicial notice of these court documents (see, People ex rel. Glidden v Nemier, 133 AD2d 487; Casson v Casson, 107 AD2d 342, 344; Matter of Bruches, 67 AD2d 456, 460, n 1; People v Dritz, 259 App Div 210; see generally, 1 Newman, New York Appellate Practice § 7.09 [6]). When confronted with a discrepancy between the stenographic minutes of the sentence (reflecting a concurrent sentence) and the order of commitment (reflecting a consecutive sentence), the sentencing Judge found that it was his intention to impose a consecutive sentence and that he had merely misspoke when pronouncing sentence. The defendant never applied for permission to appeal from the order dated June 5, 1989, which disposes of any claim that the court had misapprehended the law and the plea bargain. While it is within the trial court's inherent power to correct an error made at sentencing (see, People v Wright, 56 NY2d 613; People v Minaya, 54 NY2d 360), a review of the order dated June 5, 1989, discloses that the court inadvertently failed to direct resentencing. Accordingly, we have remitted the matter to the Supreme Court, Queens County, for resentencing.

The sentencing court did not violate the defendant's right to counsel by failing to sua sponte assign new counsel when the defendant made a pro se motion to withdraw his plea, on the eve of sentence, based, inter alia, on a conclusory unsubstantiated claim of ineffective assistance of counsel (see, People v Rodriguez, 126 AD2d 580). The defendant was given the

opportunity to advance his claim and his attorney never adopted an adversarial posture regarding the defendant's application *(see, People v Friedman,* 39 NY2d 463; *cf., People v Shadney,* 81 AD2d 842). Here, the defendant's chief complaint was over his lawyer's failure to agree with his concepts as to appropriate trial strategy, a reason which the court was free to regard as insufficient cause for a cognizable claim of ineffective assistance *(see, People v Medina,* 44 NY2d 199; *People v Jeter,* 130 AD2d 765, 766). There is no indication in the record that the defendant's counsel failed to handle the matter in a competent and professional manner *(see, People v Rodriguez, supra; People v Leach,* 108 AD2d 871). In view of the strength of the prosecutor's case against the defendant with respect to the top count of the indictment, the favorable plea bargain reveals that the defendant received meaningful representation *(see, People v Kelsch,* 96 AD2d 677; *see also, People v Shropshire,* 154 AD2d 719; *People v Brown,* 114 AD2d 1036). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.