■ TEEPLE FARMS, INC., Respondent, v LARRY LAVALLEY et al., Appellants. [596 NYS2d 269] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment to plaintiff, adjudging that plaintiff is the owner of shorefront property on Great Sodus Bay and directing defendant LaValley to remove his dock from plaintiff's property. The court had previously granted judgment to plaintiff following a nonjury trial. Defendant LaValley appealed from that judgment and our Court vacated the judgment and stayed the action pending joinder of necessary parties *(see, Teeple Farms v LaValley,* 162 AD2d 976). Plaintiff joined all necessary parties, as required by our order, but each of the previously unserved parties either defaulted or signed consents to judgment. Thus, only the original parties remained in the action when plaintiff's motion for summary judgment came before the court.

In opposing plaintiff's motion for summary judgment, defendant LaValley did not raise any additional factual issues, but submitted only an attorney's affirmation asserting that all necessary parties had not been joined. We agree with Supreme Court, however, that all of the necessary parties joined after the prior appeal either defaulted or signed a valid and binding appearance and consent to judgment. We also agree with Supreme Court that it was not necessary to hold another trial, because all issues had been litigated between plaintiff and defendant LaValley in the first trial. We have reviewed the record in the prior appeal *(see, Casson v Casson,* 107 AD2d 342, 344, *appeal dismissed* 65 NY2d 637) and agree with Supreme Court's determination that plaintiff is the owner of the disputed shorefront property and that defendant LaVal-

ley's dock interferes with plaintiff's exclusive right to the use and occupancy of its property. (Appeal from Judgment of Supreme Court, Wayne County, Parenti, J.—RPAPL article 15.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.