■ **MARTIN PIERCE**, Appellant, v **ELIZABETH E.M. PIERCE**, Respondent. [736 NYS2d 876] —Order, Supreme Court, New York County (Marjory Fields, J.), entered October 9, 2001, which, to the extent appealed from as limited by the brief, determined that all issues of fault and equitable distribution were deemed resolved by a prior Family Court order entered on or about May 16, 2001, to the effect that there was no valid marriage between the parties, unanimously affirmed, without costs.

Plaintiff, who sought, inter alia, visitation with, and/or custody of, his and defendant's yet unborn child in a matrimonial action brought in Supreme Court, New York County, was barred under the doctrines of collateral estoppel and res judicata from relitigating the issue of whether he and defendant had been validly married, the issue having been previously determined by Family Court, Bronx County, in a separate proceeding brought by plaintiff against defendant in which he sought, inter alia, to compel defendant to undergo a mental health examination and evaluation (*see, Casson v Casson*, 107 AD2d 342, *appeal dismissed* 65 NY2d 637; *and see, Buechel v Bain*, 97 NY2d 295). We note that in Family Court, plaintiff conceded there was no valid civil certificate of marriage. Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.