Matter of Melissa R. v Damien R. (2022 NY Slip Op 00519)





Matter of Melissa R. v Damien R.


2022 NY Slip Op 00519


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. F-04182-19/19B Appeal No. 15148-15148A Case No. 2021-01943 

[*1]In the Matter of Melissa R., Petitioner-Respondent,
v
Damien R., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Carol Kahn, New York, for respondent.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about April 7, 2021, which denied respondent's objections and confirmed the order, same court (Kevin Mahoney, Support Magistrate), entered on or about December 11, 2020, finding that respondent willfully violated an order of support and issued a money judgment against him in the amount of $7,019.75, unanimously affirmed, without costs.
Family Court's finding of a willful violation and arrears and add-ons due was supported by a sound and substantial basis in the record under Family Ct Act §§ 454(3)(a) and 455 (see Matter of Powers v Powers, 86 NY2d 63 [1995]; Matter of Jennifer D. v Artise C.J., 154 AD3d 578 [1st Dept 2017]). While respondent father testified that certain add-on items had been the subject of a prior contempt proceeding in which Supreme Court found that he had paid those items, he did not offer any evidence in support of that testimony or any other evidence of prior payment of those items. Deference should be given to the findings of the Support Magistrate (Matter of Minerva R. v Jorge L.A., 59 AD3d 243 [1st Dept 2009]).
In support of his objections to the Magistrate's rulings, the father submitted the order issued by Supreme Court, which also had been offered into evidence at the hearing by the mother. While the Court may take judicial notice of the Supreme Court order (see Casson v Casson, 107 AD2d 342, 344 [1st Dept 1985]), the order standing alone does not specify what add on expenses were considered by the court and therefore does not support his current contention that certain specific items in the total amount of about $2,700 were previously ruled upon. In support of his objections, the father also submitted the mother's prior motion papers with exhibits, but Family Court was not required to take judicial notice of those papers, which the father failed to submit at the hearing (see Walker v City of New York, 46 AD3d 278, 282-283 [1st Dept 2007]; Matter of Redmond v Easy, 18 AD3d 283 [1st Dept 2005]). As for the father's contention that he was not required to pay his share of a summer camp expense because it was not yet due and owing, the Support Magistrate properly determined that the fee was due and owing when the mother paid it.
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022