THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAURENCE W. BROWN, SR., Appellant.

Third Department, December 23, 1974.

*Samuel J. Castellino* for appellant.

*D. Bruce Crew, III, District Attorney (Richard L. Parker* of counsel), for respondent.

REYNOLDS, J. Defendant was sentenced to the minimum permissible sentence as a second felony offender (Penal Law, § 70.06) and thus the sentence imposed cannot be considered unduly harsh or excessive so as to constitute an abuse of discretion (see, e.g., *People* v. *Dittmar*, 41 A D 2d 788). We find no merit in defendant's contention that section 70.06 of the Penal Law is unconstitutional in that its minimum sentence requirement constitutes a harsh and excessive sentence and thus cruel

and unusual punishment because it imposes an increased sentence for second and habitual offenders and removes from the court and probation department any discretion in imposing a minimum sentence (e.g., *McDonald* v. *Massachusetts,* 180 U. S. 311; *Kendrick* v. *United States,* 238 F. 2d 34; *People* v. *Wilson,* 13 N Y 2d 277). There is a rational basis to impose a heavier penalty on multiple felony offenders and all persons alike are treated equally.

The judgment should be affirmed..

HERLIHY, P. J., GREENBLOTT, COOKE and MAIN, JJ., concur.

Judgment affirmed.