THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARBARA A. COOKE, Respondent, v JOHN J. McNULTY, as Sheriff of Albany County, Appellant.

Third Department, July 24, 1975

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for appellant.

*Douglas P. Rutnik (Stephen W. Herrick* of counsel), for respondent.

*Per Curiam.* Having allegedly made three sales of heroin to a member of the New York State Police, petitioner was indicted by an Albany County Grand Jury on January 23, 1975 for three counts of criminal sale of a controlled substance in the third degree, a class A-III felony in violation of subdivision 1 of section 220.39 of the Penal Law. After a bail application hearing conducted by an Albany County Judge on April 15, 1975, bail was set in the amount of $10,000. Subsequently, petitioner obtained a writ of habeas corpus from a Supreme Court Justice who found that bail excessive and reduced it in amount to $1,000 without having elicited any significantly new or different information than that which had been before the original bail-fixing court. When appellant requested an adjournment to present witnesses in support of the initial amount, Special Term pre-emptorily altered its decision and, without further explanation, directed petitioner's release without bail upon certain conditions. This appeal ensued.

Although habeas corpus is a suitable vehicle for the review of an order denying or fixing bail *(People ex rel. Klein v Krueger,* 25 NY2d 497; *People ex rel. Shapiro v Keeper of City Prison,* 290 NY 393), it is well settled that "Within constitutional limits the nisi prius criminal court has the sole nonreviewable discretion to fix or deny bail." *(People ex rel. Klein v Krueger, supra,* p 502.) A mere "difference of opinion as to the amount fixed" as bail will not justify corrective action by the reviewing court *(People ex rel. Rao v Adams,* 296 NY 231, 234), which may not exercise an independent discretion to examine the bail question afresh *(People ex rel. Shapiro v Keeper of City Prison, supra).* Diligence is required "to prevent improper co-ordinate review and court-shopping by defendants in criminal matters" *(People ex rel. Klein v Krueger, supra,* p 502), and where a rational basis in the record supports the original determination as to bail, that determination is "beyond correction in habeas corpus" *(People ex rel. Parone v Phimister,* 29 NY2d 580, 581).

In the present instance, we find that there is a constitutionally rational basis for the determination of the County Court and, therefore, the writ must be dismissed. We are concerned here with most serious offenses and there is a high probability of conviction in view of the alleged multiple sales directly to a police officer. Moreover, petitioner faces the possibility of life imprisonment upon conviction, and in similar circumstances the Court of Appeals has found the complete denial of bail to be justified because of the increased risk of flight or unavailability for trial *(People ex rel. Weisenfeld v Warden, New York Detention Facility at Riker's Island,* 37 NY2d 760; *People ex rel. Parone v Phimister, supra).* Additionally, petitioner's past criminal record includes a felony conviction for forgery and she faces the further possibility of mandated incarceration should she be convicted of any felony as the result of the present charges.

It is abundantly clear that in this collateral proceeding the habeas corpus court formulated its decision upon the erroneous ground that it could exercise its own discretion in fixing bail. As noted, it could not. Since the County Court's determination was well within constitutionally accepted limits, it was highly improper and irregular for Special Term to abuse the proper function of the writ of habeas corpus in this situation to impose its own views concerning the bail system.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

GREENBLOTT, J. P., SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.