■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BROZZO, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered November 24, 1975, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree. Defendant was indicted for the crime of burglary, third degree, grand larceny, third degree, and criminal possession of stolen property, second degree. He initially entered a plea of not guilty to the indictment. He thereafter changed his plea to guilty to the lesser charge of attempted burglary, third degree, in full satisfaction of the indictment. Prior to the scheduled sentencing date a statement was filed pursuant to CPL 400.21 alleging that defendant had been previously convicted of a felony. At the time of the sentencing defendant voluntarily admitted the previous felony conviction. He received an indeterminate sentence of imprisonment of one and one-half to three years, the minimum permitted. The record further reveals that sometime after entry of the guilty plea and before sentencing, defendant advised his attorney that he desired to withdraw his guilty plea. No formal application was made and the only reason stated by defendant was that he felt he was not being properly represented by his assigned counsel, adding "My lawyer has no interest in my case". The court denied the application. This court has previously concluded, contrary to defendant's contention, that section 70.06 of the Penal Law is constitutional *(People v Brown,* 46 AD2d 255). Defendant's remaining contentions that he was not properly represented by counsel and that the court should have permitted him to withdraw his guilty plea lack merit. The judgment, therefore, should

be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.