■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DUNBAR, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 15, 1978, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The record indicates that the defendant knowingly and voluntarily waived his right to appeal from a denial of his suppression motion after having been fully informed of the consequences of such a waiver (see *People v Williams* 36 NY2d 829, cert den *sub nom. Williams v New York,* 423 US 873). Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE J. GUZA, Appellant. — Appeals by defendant, as limited by his brief, from two sentences of the County Court, Suffolk County, one imposed July 26, 1979, and the other imposed July 30, 1979, upon his convictions of burglary in the second degree, upon his pleas of guilty, the sentences being concurrent indeterminate terms of imprisonment of from three to six years, as a second felony offender. Sentences affirmed. We have reviewed defendant's arguments with respect to the alleged unconstitutionality of section 70.06 of the Penal Law and find them to be without merit. (See *People v Butler,* 46 AD2d 422; *People v Brown,* 46 AD2d 255; *People v Gonzales,* 54 AD2d 946.) Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED RICHARD HEBMANN, Also Known as FRED KRUSE, Also Known as JOHN KRUSE, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County, imposed October 24, 1979, upon his conviction of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, the sentence being a period of "sixty days in the Suffolk County Jail concurrent with [five years] probation." Sentence modified, on the law, by adding thereto a provision that the 60 days' imprisonment shall be a condition of the probation. As so modified, sentence affirmed. (See Penal Law, 60.01, subd 2, par [d].) This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Mangano, Gibbons and Rabin, JJ., concur.