■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WOLCOTT, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 1, 1983, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

On March 11, 1982, defendant was indicted on charges of sodomy in the first degree (two counts), sodomy in the second degree (two counts) and sexual abuse in the first degree (two counts). He was arraigned on March 12, 1983 and bail was set one week later in the amount of $25,000, cash surety. Over the course of the next 16 months, defendant made 12 unsuccessful applications to reduce the amount of bail. On July 27, 1983, pursuant to a negotiated bargain, defendant entered an *Alford* plea of guilty to one count of sodomy in the first degree in full

satisfaction of the indictment (*see, North Carolina v Alford,* 400 US 25). He was sentenced, as agreed, to a term of 2 to 6 years' imprisonment.

On this appeal, defendant contends that the amount of bail was unconstitutionally excessive and should have been reduced. Initially, we note that an order fixing bail is nonappealable, and, thus, not reviewable by this court on a direct appeal from the judgment of conviction (*see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230, 232; *People ex rel. Klein v Krueger,* 25 NY2d 497, 499). Such an order may properly be reviewed in a habeas corpus proceeding where it appears that either constitutional or statutory standards proscribing excessive bail have been violated (CPLR 7010 [b]; *People ex rel. Ryan v Infante,* 108 AD2d 987; *People ex rel. Cooke v McNulty,* 48 AD2d 586, 587). Defendant, however, failed to pursue this remedy and may not now be heard to complain. In any event, given the extremely serious nature of the offense, the weight of the evidence and the potential sentence involved, we easily discern a constitutionally rational basis for the original determination as to bail (*see, People ex rel. Cooke v McNulty, supra,* p 588).

We are further unpersuaded by defendant's assertion that his guilty plea was not voluntary but resulted from coercion by his attorney. During the plea allocution, defendant expressly acknowledged that, in view of the strong evidence against him, a plea to the first count of the indictment was in his best interest (*see, People v Taliaferro,* 109 AD2d 943; *People v Marlowe,* 108 AD2d 955). The record confirms that defendant entered the *Alford* plea knowingly and voluntarily to minimize the consequences of a conviction after trial. Since defendant's contentions of coercion and ineffective counsel, including a claim that his attorney refused to consider a "list of witnesses" available for trial, are grounded on matters not appearing in the record, the issues are not reviewable on direct appeal, but may be explored under a CPL 440.10 motion provided that the statutory requirements are met (CPL 440.30; *see, People v Welch,* 108 AD2d 1020; *People v Boans,* 93 AD2d 1000). For the same reasoning, defendant's contention that new evidence has been discovered in the form of an exculpatory letter from a prosecution witness is also reviewable in a CPL 440.10 motion.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.