■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUTCH LEE ROBINSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered December 13, 1984, convicting him of attempted criminal possession of a forged instrument in the second degree and grand larceny in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which sought to suppress certain statements made to law enforcement officers and identification testimony.

Judgment affirmed.

There is no merit to the defendant's claim that the arresting officers' lack of personal knowledge of the events underlying his arrest negated the existence of probable cause. An arresting officer need not possess such personal knowledge provided that he acts upon the direction of or as a result of a communication with a brother officer who himself possesses information sufficient to constitute probable cause *(People v Horowitz,* 21 NY2d 55, 60; *People v Havelka,* 45 NY2d 636; *People v Loewel,* 50 AD2d 483, 491, *affd* 41 NY2d 609). In the instant case, Detective Fanning, who directed the arresting officers to apprehend the defendant, was in receipt of complaints that the defendant had on three separate occasions forged a check at a local market and the manager of that store had positively identified the defendant from a photo array. This information provided probable cause to believe that the defendant had committed an offense. Furthermore, the defendant failed to sustain his burden of establishing that the photo array shown to the complainant was unduly suggestive, and the hearing court thus correctly denied his motion to suppress an in-court identification by the complainant *(see, People v Sutton,* 47 AD2d 455).

We also find the defendant's claims that his statements were the product of coercion and that they were procured in violation of his *Miranda* rights to be without merit. The hearing court found that the defendant had been fully advised of his rights on two occasions and that the statements in question were freely and voluntarily given. Issues of credibility are primarily for the hearing court and great weight must be accorded its determination in light of its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761; *see, People v Gee,* 104 AD2d 561). A hearing court's determination should be upheld unless it is clearly erroneous *(People v Gee, supra),* and on this record we perceive no basis to overturn it.

The defendant also argues that his statements should have been suppressed because he was actually represented by an attorney in an unrelated Family Court paternity proceeding at the time of his arrest on the instant charges. Although the right to counsel attaches when there has been significant judicial activity preceding the formal commencement of a criminal prosecution, this rule has been applied only to " ' "adversary judicial *criminal* proceedings" ' " *(People v Smith,* 62 NY2d 306, 314, quoting from *Kirby v Illinois,* 406 US 682). Judicial activity which is civil in nature does not trigger the right to counsel *(People v Smith, supra,* p 314).

The defendant's claim that he was not afforded the effective assistance of counsel is based largely on facts outside of the record. Thus, his appropriate remedy is to bring a postconviction proceeding pursuant to CPL 440.10 *(see, People v Brown,* 45 NY2d 852; *People v Drummond,* 99 AD2d 760). Insofar as we are able to review his ineffective assistance claim, we find that defense counsel's performance amply met the standard of meaningful representation.

The defendant has failed to preserve the remaining issues raised on appeal for this court's review, and we decline to reach them in the interest of justice. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.