■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD NAVEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), rendered September 24, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly and voluntarily entered a plea of guilty prior to a court-ordered *Huntley* hearing on that branch of his omnibus motion which was to suppress statements he made to the police. Furthermore, the defendant expressly consented to the withdrawal of any undecided motions during the plea allocution. Consequently, the defendant has forfeited the right to appellate review of his contention that the statements he made to the police should have been suppressed as violative of his right to counsel *(see, People v Fernandez,* 67 NY2d 686; *People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338).

The defendant's claim that he was not afforded the effective assistance of trial counsel is based largely on matters which are dehors the record, and, thus, that claim is not reviewable on direct appeal *(see, People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003; *People v Wolcott,* 111 AD2d 943). The appropriate remedy is a postconviction motion pursuant to CPL 440.10, provided the statutory requirements are met (CPL 440.30; *see, People v Brown,* 45 NY2d 852; *People v Wolcott, supra).* Insofar as we are able to review his ineffective assistance claim, we find that defense counsel's performance amply met the standard of meaningful representation. A tactical decision by defense counsel to forego pretrial motions to suppress statements made by the defendant at the time of arrest when an advantageous plea bargain has been struck, as here, may not be attacked on appeal and labeled ineffective assistance of counsel *(see, People v Lewis,* 116 AD2d 778, *lv denied* 67 NY2d 885).

Since the defendant was sentenced to the minimum permissible sentence as a second felony offender (Penal Law § 70.06

■ [b]; [4] [b]), the sentence imposed cannot be considered unduly harsh or excessive so as to constitute an abuse of discretion (see, People v Brown, 46 AD2d 255).

Lastly, we find defendant's contention, asserted in his *pro se* supplemental brief, that he was deprived of the effective assistance of appellate counsel, to be without merit. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.