■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CANDELARIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Cohen, J.), rendered March 1, 1985, convicting him of attempted criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was not afforded the effective assistance of trial counsel is based largely on matters which are dehors the record and, thus, are not reviewable on direct

appeal *(see, People v Navedo,* 137 AD2d 726; *People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003; *People v Wolcott,* 111 AD2d 943). The appropriate remedy is a postconviction proceeding pursuant to CPL 440.10, provided the statutory requirements are met (CPL 440.30; *see, People v Brown,* 45 NY2d 852; *People v Navedo, supra; People v Wolcott, supra).* Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, we find that defense counsel's performance amply met the standard of meaningful representation as evidenced, *inter alia,* by the favorable plea bargain negotiated by counsel, which permitted the defendant to plead guilty to a reduced charge in exchange for the minimum permissible sentence which could be imposed in view of the defendant's status as a second felony offender *(see, e.g., People v Kelsch,* 96 AD2d 677). Since the defendant was sentenced to the minimum permissible sentence he could have received as a second felony offender, the sentence imposed cannot be considered unduly harsh or excessive so as to constitute an abuse of discretion *(see, People v Brown,* 46 AD2d 255). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.