■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DENNIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered November 12, 1985, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Shortly after the defendant fired every bullet in his gun into the decedent, he surrendered himself to the police and made admissible oral and written statements which belie his claim in the presentence report and on this appeal that he acted in self-defense. Upon reading the presentence report, the sentencing court, in compliance with the guidelines of *People v Serrano* (15 NY2d 304), advised the defendant of the availability of the defense of justification and offered the defendant the

opportunity to withdraw his guilty plea and proceed to trial. The defendant expressly declined this opportunity. A review of the sentencing minutes clearly shows that it was the voluntary and intelligent decision of the defendant to waive the potential defense of justification and to adhere to his plea of guilty to the reduced charge of manslaughter in the first degree to avoid the substantial risk that a jury would reject the defense and find him guilty of murder in the second degree.

In his *pro se* supplemental brief, the defendant now contends that he was deprived of effective assistance of counsel because his attorney did not proceed to trial and present a justification defense due to his failure to conduct a pretrial investigation. However, this contention is refuted by the record on appeal, which contains an order granting the defense counsel's motion for authorization to retain the services of a private investigator for the defendant to be paid out of county funds pursuant to County Law § 722-c and the undisputed representation by the defense counsel at the close of the suppression hearing that he had supplied the defendant with a copy of the investigator's report. Contrary to the defendant's contention, the defense counsel also procured the defendant's medical records, which he used to persuade the prosecutor to accept a favorable plea bargain that permitted the defendant to plead guilty to the reduced charge of manslaughter in the first degree. Upon a review of the record on the appeal, we find that the defense counsel's performance amply met the standard of meaningful representation *(see, People v Aiken,* 45 NY2d 394). Insofar as the defendant's claim that he was not afforded the effective assistance of trial counsel is predicated on matters dehors the record, those matters are *not* reviewable on direct appeal from the judgment of conviction *(see, People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003; *People v Wolcott,* 111 AD2d 943). The appropriate remedy is a postconviction proceeding pursuant to CPL 440.10 *(see, People v Brown,* 45 NY2d 852; *People v Wolcott, supra).*

We have reviewed the other contentions raised on this appeal and find them to be without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.