■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER DOUGLAS, True Name LASHON WALTER DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 18, 1987, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the Supreme Court should have sustained defense counsel's objection to a question asked of the defendant by the prosecutor as to whether he had gone to the precinct with an attorney because he was innocent *(see, People v Al-Kanani,* 26 NY2d 473; *People v Collins,* 140 AD2d 186), we find that this error was harmless beyond a reasonable doubt in light of the

overwhelming evidence of the defendant's guilt and the limited nature of the prosecutor's questioning which did not form a persistent pattern of misconduct *(People v Crimmins,* 36 NY2d 230). The record reveals that there were four eyewitnesses to the shooting all of whom disputed the defendant's version of the facts.

Additionally, the defendant contends that the court's charge on the defense of justification failed to instruct the jury that even if they found that the People had disproved such defense, the People were still required to prove each of the elements of the crimes charged beyond a reasonable doubt. Since no objection was made to the charge provided, this issue has not been preserved for our review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Norwood,* 133 AD2d 423; *People v Ecock,* 124 AD2d 672, *lv denied* 69 NY2d 710). In any event, the court's charge, taken as a whole, sufficiently instructed the jury as to the People's burden of proof and did not deprive the defendant of a fair trial *(People v Richburg,* 109 AD2d 899). The defendant's contention is therefore without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.