■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered September 25, 1986, convicting him of attempted

burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was not afforded the effective assistance of counsel is based on matters which are dehors the record, which matters are not reviewable on direct appeal *(see, People v Robinson,* 122 AD2d 173; *People v Wolcott,* 111 AD2d 943).* The appropriate remedy is a postconviction motion pursuant to CPL 440.10 *(see, People v Brown,* 45 NY2d 852; *People v Wolcott, supra,* at 943). Insofar as we are able to review his ineffective assistance claim, we find that defendant's counsel's performance amply met the standard of meaningful representation. Given the defendant's status as a second violent felony offender, his counsel negotiated a favorable plea bargain, resulting in the imposition of the minimum allowable sentence *(see,* Penal Law § 70.04 [3] [c]; [4]; § 70.25 [2-a]).

The defendant's purported misunderstanding of his potential exposure to incarceration for the offense of attempted burglary in the second degree is belied by the plea minutes. Since an objective reading of the plea bargain agreement was susceptible to but one interpretation, the defendant's misunderstanding of or disappointment with the agreement does not suffice as a reason for vacating his guilty plea *(see, People v Cataldo,* 39 NY2d 578; *People v Welch,* 129 AD2d 752).

The defendant's remaining contention that the imposed sentence was unduly harsh and excessive is devoid of merit *(see, People v Brown,* 46 AD2d 255). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.