■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BAILEY, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J., at sentence and jury trial), rendered May 9, 1986, convicting defendant of two counts of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to consecutive indeterminate terms of imprisonment of from 5 to 10 years on each of the assault counts, to run

concurrent to indeterminate terms of from 5 to 10 years and 2½ to 5 years on the remaining possession counts, respectively, unanimously affirmed.

There is no merit to defendant's unpreserved claim that the prosecutor's summation constituted prosecutorial misconduct. Although the prosecutor argued that in order to believe defendant's testimony the jury had to conclude that the People's witnesses had deliberately lied and committed perjury, the argument was, to a large extent, responsive to the arguments made on summation by the defense. *(People v Marks,* 6 NY2d 67 [1959], *cert denied* 362 US 912.) In any event, any error which may have resulted was harmless in view of the overwhelming evidence of defendant's guilt. *(People v Crimmins,* 36 NY2d 230 [1975].) Further, there was no violation of *People v Trowbridge* (305 NY 471 [1953]) simply because the officer testified that he chased after defendant upon statements from nonwitnesses to "get him". The statements attributed to the nonwitnesses served only as a predicate for subsequent police conduct and were not used to bolster the identification testimony of the shooting victims, who knew defendant from prior occasions.

Defendant's remaining arguments have been considered and are without merit. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.