■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON GOODMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered January 8, 1987, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the lineup was tainted because the detective told the two witnesses that he would be trying to apprehend the suspect and that when and if he did they would view a lineup. We disagree. The suggestion of a law enforcement official to a witness that the person identified in a photograph will be in a lineup does not by itself give rise to a substantial likelihood of misidentification *(see, People v Rodriguez,* 64 NY2d 738, 740-741; *People v Bolling,* 142 AD2d 733;

*People v Ballard,* 140 AD2d 529; *People v Thomas,* 133 AD2d 867). Similarly, in the case at bar, the detective's comment did not give rise to a substantive likelihood of misidentification. We also find that the lineup was not unduly suggestive *(see, People v Scott,* 114 AD2d 915).

The testimony of the defendant's accomplice regarding defendant's prior criminal activity and drug use was proper since it was relevant to show his motive *(see, People v Alvino,* 71 NY2d 233; *People v Molineux,* 168 NY 264, 293; *People v Velez,* 159 AD2d 665; *People v Johnson,* 155 AD2d 924, 925). Moreover, in light of the overwhelming evidence of defendant's guilt, any error was harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

The defendant's claim that he was denied the effective assistance of counsel in choosing to reject a plea agreement and proceed to trial is based on matters dehors the record and is not reviewable on this appeal *(see, People v Hamlin,* 153 AD2d 644; *People v Walker,* 152 AD2d 644; *People v Reyes,* 150 AD2d 620).

Finally, the defendant's remaining allegations of error are unpreserved for appellate review or without merit, or the errors are harmless beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Bailey,* 155 AD2d 262; *People v Patterson,* 106 AD2d 520; *People v Smith,* 100 AD2d 857, 858; *People v Crimmins,* 36 NY2d 230, 241-242, *supra).* Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.