■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO CORTES, Also Known as ARTURO CORTEZ, Appellant.— Judgment, Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered August 7, 1989, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him as a second felony offender to an indeterminate prison term of from six to twelve years, unanimously affirmed.

The complainant testified that within a one month period after he was robbed by the defendant, he conducted his own investigation and saw the defendant on three separate occasions in front of 234 East 178th Street in The Bronx. During his final observation, the complainant summoned the police and identified defendant as the perpetrator of the robbery.

The testimony regarding the complainant's out-of-court identification was admissible because the identification was initiated by the complainant and suggestive police procedures were not utilized *(People v Malone,* 169 AD2d 564). Defendant's argument that the testimony regarding the complainant's investigation constituted improper bolstering is unpreserved for appellate review (CPL 470.05 [2]). In any event, it is well settled that improper bolstering occurs when a third party testifies to another witness's prior identification *(People v Miller,* 156 AD2d 142), which is not the case in the instant matter.

Defendant's argument that the prosecutor's improper summation comments deprived him of a fair trial must be rejected since the court alleviated any prejudice by giving curative instructions *(People v Santiago,* 52 NY2d 865, 866). Defendant failed to object to the prosecutor's comment that "holding a person accountable for his or her actions is a fundamental principle of any community", which, in any case, was responsive to defense counsel's suggestion that it would be a frightening thought to convict defendant (CPL 470.05 [2]; *People v Bailey,* 155 AD2d 262).

Finally, the court took appropriate action by sending the jury back to deliberate after a single polled juror answered "no" when asked if her verdict was guilty (CPL 310.80). Although defendant now argues that the court should have followed the procedure suggested in *People v Pickett* (61 NY2d 773), by conducting an inquiry of this juror out of the presence of the jury, defendant's counsel explicitly objected to and rejected this suggested procedure, thereby waiving the issue for appellate review *(People v Waytes,* 107 AD2d 774). Concur —Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.