*Gonzalez,* 47 NY2d 606). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVETTE PERALTA, Appellant. [599 NYS2d 995] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 8, 1991, convicting her of attempted criminal sale of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO PEREZ, Appellant. [599 NYS2d 995] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 18, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly bolstered the eyewitnesses' testimony by eliciting and commenting upon certain testimony by the investigating police detective. The defendant contends that this caused the jury to infer that some eyewitnesses to the crimes had identified the defendant as the perpetrator of the crime but did not testify at the trial. This, according to the defendant, deprived him not only of a fair trial but also violated his constitutional right to confront the witnesses against him (US Const 6th, 14th Amends; NY Const, art I, § 6).

The defendant's bolstering claims are unpreserved for appellate review and, in any event, without merit.

The defendant has similarly failed to preserve for appellate review his claim that the trial court erred in failing to specifically charge the jury on identification *(see, People v Thomas,* 50 NY2d 467). In any event, the defendant's contention is without merit because, viewed as a whole, the charge

was sufficient *(see, People v Douglas,* 149 AD2d 613). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.