■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAI HE OU-YANG, Appellant. [654 NYS2d 782] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 10, 1994, convicting him of attempted murder in the second degree, robbery in the first degree (four counts), burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the complainant bolstered his own identification testimony by stating that he observed the defendant at the police station. Since the defendant did not object to the challenged testimony, his claim of error in this regard is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Bostic,* 208 AD2d 554; *People v Perez,* 194 AD2d 633). In any event, the contention is without merit. "[I]t is well settled that improper bolstering occurs when a third party testifies to another witness's prior identification * * * which is not the case in the instant matter" (*People v Cortes,* 173 AD2d 319).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

We find the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, to be either unpreserved for appellate review or without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.