■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL CASTRO, Appellant. [722 NYS2d 854] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree (Penal Law § 130.35 [1]) and sodomy in the first degree (two counts) (Penal Law § 130.50 [1]), defendant contends that he was deprived of a fair trial by prosecutorial misconduct; that County Court erred in admitting certain *Molineux* evidence as material to the issue of forcible compulsion/consent; that the court erred in failing to give limiting instructions concerning the use of such evidence; and that reversal is required by the introduction of evidence that defendant asserted his right to counsel during a pretrial interview with police.

Defendant was not deprived of a fair trial by prosecutorial

misconduct during the opening statement. Although perhaps unduly theatrical or melodramatic in its tone, the prosecutor's opening statement was properly framed in terms of what the victim would testify to and did not distort the evidence or otherwise prejudice defendant. The fact that the opening statement referred to facts not subsequently proven was due to defense counsel's successful objection to the prosecutor's questioning of a witness concerning those facts. Nor was defendant deprived of a fair trial by prosecutorial misconduct on summation. The prosecutor's remarks constituted fair comment upon the evidence. We have considered defendant's remaining claims of prosecutorial misconduct and conclude that they are without merit.

The court did not err in admitting the *Molineux* evidence. The evidence concerned defendant's own claims of criminal activity, which claims had been made by defendant during his conversations with the victim, as express or implicit threats to her. The probative value of that evidence on the issue of forcible compulsion/consent thus outweighed its potential to prejudice defendant (*see, People v Cook,* 93 NY2d 840, 841; *People v Tas,* 51 NY2d 915, 916-917; *People v Chase,* 277 AD2d 1045).

We reject defendant's contention that the court erred in failing to instruct the jury as requested by defendant. At no time prior to or during the receipt of evidence did defendant request the conventional *Molineux* limiting instructions (*see generally, People v Ingram,* 71 NY2d 474, 479; *People v Beam,* 57 NY2d 241, 250-251). Rather, after summations, defense counsel made a single request that the court instruct the jury, with reference to the victim's testimony concerning defendant's claims of having killed various persons, that defendant "has never been charged with a murder here or in Puerto Rico." Such an instruction would have been inappropriate, and thus the court did not err in refusing to give it.

Any claim of error with regard to the introduction of evidence that defendant invoked his right to counsel is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Mathews,* 227 AD2d 954, 955, *lv denied* 89 NY2d 926; *People v Johnson,* 110 AD2d 1057, *lv denied* 66 NY2d 615). In any event, any error is harmless beyond a reasonable doubt in light of defendant's oral statements and the other overwhelming evidence of guilt (*see, People v Douglas,* 149 AD2d 613, 613-614, *lv denied* 74 NY2d 794). (Appeal from Judgment of Monroe County Court, Dattilo, Jr., J.—Rape, 1st Degree.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.