■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SMITH, Appellant. [806 NYS2d 825]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered September 17, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject defendant's contention that reversal is required based on Supreme Court's refusal to give an expanded identification charge. "While the 'better practice is to grant a defendant's request and give the expanded charge' when identification is at issue (*People v Whalen*, 59 NY2d 273, 279), the failure to so charge does not constitute reversible error where, as here, the court instructed the jury on the proper assessment of eyewitness testimony and the applicability of the reasonable doubt standard to identification" (*People v Lee*, 284 AD2d 943, 943 [2001], *lv denied* 96 NY2d 920 [2001]).

Defendant's further contention that the court erred in allowing the undercover officer to bolster his own identification testimony is not preserved for our review because defendant objected to the testimony of that officer at trial on a ground different from that now asserted on appeal (*see generally People v Osuna*, 65 NY2d 822, 824 [1985]; *People v Michele*, 278 AD2d 17, 18 [2000], *lv denied* 96 NY2d 803 [2001]; *People v Major*, 251 AD2d 999, 1000 [1998], *lv denied* 92 NY2d 927 [1998]). In any event, "it is well settled that improper bolstering occurs when a third party testifies to another witness's prior identification . . . , which is not the case in the instant matter" (*People v Cortes*, 173 AD2d 319, 319 [1991]; *see People v Dai He Ou-Yang*, 236 AD2d 554 [1997], *lv denied* 89 NY2d 1034 [1997]).

Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.