Memorandum. The order of the Appellate Division should be affirmed.
The record in this case clearly indicates that the court, in accepting defendant’s plea of guilty to a reduced charge, made the following promises as to sentence: (1) that if the Probation Department so recommended, the court would sentence defendant to the Narcotic Addiction Control Commission for a period of five years; (2) that if the Probation Department recommended a prison sentence, the court would sentence defendant to a term of imprisonment with a maximum term not to exceed five years; and (3) that if after reading the probation report it could not in good conscience keep the above promises, the court would permit defendant to withdraw his plea of guilty. The probation report revealed numer *580 ous prior convictions, sufficient to cause the Probation Department to recommend an indeterminate term of imprisonment with a maximum of five years. The court sentenced defendant in accordance with this recommendation. In so doing, it complied with the agreement the court made at the time it accepted defendant’s plea of guilty. The court thereafter denied defendant’s motion to withdraw this plea of guilty as well as defendant’s subsequent motion in the nature of coram nobis to vacate the judgment.
Where a sentencing court keeps the promises it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his plea on the sole ground that he misinterpreted the agreement. Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant’s subjective interpretation thereof. A contrary holding would permit any defendant to withdraw his plea of guilty solely because he was disappointed with the sentence received, even though the court has kept its word in that respect.
Since the plea bargain here is susceptible to but one interpretation, we conclude that the court properly refused to permit the defendant to withdraw his guilty plea.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.