■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL BRADLEY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 2, 1975, convicting defendant on his plea of guilty of the crime of burglary in the third degree. Accused by an indictment containing three separate counts of third-degree burglary, defendant ultimately entered a plea of guilty to one count thereof in full satisfaction of the charges against him. Represented by counsel, he was extensively questioned by the trial court and was informed of the exact sentence to be imposed before he fully admitted his guilt. He thereafter moved to withdraw his guilty plea at the time of sentencing citing a lack of understanding of the sentence, police brutality and other mitigating circumstances. The only issues on this appeal are whether the court abused its discretion in denying that motion and whether the three and one-half to seven years' sentence of incarceration as a prior felony offender was excessive. Under the circumstances presented we are unable to say the court abused its discretion in denying defendant's motion to withdraw his plea of guilty *(People v Cataldo,* 39 NY2d 578; *People v Dixon,* 29 NY2d 55), and we do not find the sentence imposed unduly harsh or excessive *(People v Gemmill,* 34 AD2d 177). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of CLIFFORD WILLIAMS et al., Respondents, v NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered July 10, 1975 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to invalidate two civil service appointments. On this appeal the order dated September 13, 1975 which denied appellants' motion made pursuant to CPLR 2221 to renew based on new proof is reviewable (CPLR 5517, subd [b]). Judgment and order affirmed, with costs, on the separate opinions of Hughes, J., at Special Term. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.