■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LOUIS LANG, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 16, 1976, convicting defendant, upon a plea of guilty, of the crime of escape in the first degree. The defendant was sentenced to a term of not less than two nor more than four years to run consecutively to the sentence he was serving at the time of his escape. He now asks that he be permitted to withdraw his plea of guilty, asserting that

he misunderstood the significance of a consecutive sentence as opposed to a concurrent sentence; that relying entirely on his lawyer's advice, it was his understanding that any sentence imposed would not require him to serve any time in addition to what he was already required to serve. The record reveals that defendant entered his plea of guilty with a full and complete understanding of his actions and its consequences, and that the court specifically advised defendant that the sentence is to run "consecutive with any sentence the defendant is already serving in the Elmira Correctional Facility". We see no reason to interfere with the conviction or sentence *(People v Terry,* 53 AD2d 778; *People v Hill,* 53 AD2d 796). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.