■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DE CRESCENTE, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered July 5, 1977, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. The primary claim of the defendant on this appeal is that the trial court erred in refusing to allow him to withdraw his plea of guilty at the time of sentencing (CPL 220.60, subd 3). In support of this contention he asserts that prior to the entry of his plea there had been agreement between himself and the Warren County District Attorney's office that in return for a statement concerning several unsolved burglaries the People would allow him to plead guilty to the lesser charge of burglary in the third degree and to serve one year's imprisonment in the Warren County jail. There is no dispute that such an agreement was made. Although defendant asserts by way of hearsay that the sentencing court had also approved this agreement, such contention is clearly refuted by the People and by statements by the court appearing in the record. It is by now well established that when a guilty plea is induced by an unfulfilled promise *made by the court,* either the promise must be honored or the plea must be vacated *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122; *People v Twiggs,* 58 AD2d 726; *People v Ransom,* 55 AD2d 980). The situation is different, however, when, as in the instant case, the court has not been a party to the agreement. In *People v Campbell* (35 NY2d 227, cert den 419 US 1122), a companion case to *People v Selikoff (supra),* the Court of Appeals addressed a factual situation very similar to the instant case. In *Campbell,* after being advised by the defense attorney and the prosecutor of an agreement, the court stated in emphatic terms that it would not be bound by any promises made to defendant. The court then inquired of defendant how he wished to plead to the indictment and the defendant said guilty. At the subsequent sentencing the court refused to allow the defendant to withdraw the guilty plea. Although the facts of the instant case, relied upon by defendant on this appeal, fall almost squarely within the facts of *Campbell* outlined above, nevertheless, considering the voluntariness of the confession, in view of the alleged promises by the District Attorney, and the attempt to withdraw the plea within a reasonable time after its entry *(People v Vaughan,* 35 NY2d 926), we conclude that the defendant should have been allowed to withdraw his guilty plea. A guilty plea must be voluntary and knowing and, if it was induced by promises, the essence of those promises must, in some way, be known and kept. We emphasize that this decision does not question the fairness of the sentencing Judge, but, in these circumstances, the interests of justice require that the defendant be allowed to vacate his plea of guilty *(Santobello v New York,* 404 US 257, *supra).* Judgment reversed, on the law and the facts; motion to withdraw plea granted, and matter remitted for further proceedings not inconsistent herewith before a Judge to be assigned by the Administrative Judge of the Fourth Judicial District. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.