■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAQWAN LATINE, Appellant.—Appeal from a judgment of the County Court of Ulster County, entered July 24, 1978, which convicted defendant upon his plea of guilty of the crime of assault in the second degree and sentenced him to an indeterminate term of imprisonment having a minimum of two years and a maximum of four years. Defendant, an inmate of a State prison, was indicted for attacking and cutting another inmate. On May 23, 1978, defendant appeared in County Court before Mr. Justice Robert H. Ecker. The record of that appearance is unavailable. Defendant asserts that he pleaded guilty upon a promise of a sentence to run concurrently with the sentence he was serving, and that it was understood that his "new" time would begin to run as of the date of the incident. The defense counsel at the time of the plea agreed that the promised sentence was to be served

concurrently. However, his affidavit did not comment on any understanding as to when the "new" time would begin. When the defendant appeared for sentencing before Judge Fromer, Judge Ecker having retired, the defendant learned that his "new" time would begin to run only from the day of sentencing. He, therefore, sought, pursuant to CPL 220.60, to withdraw his guilty plea. The court denied his motion, declaring that a misunderstanding of law was not a basis for withdrawal of the guilty plea, and imposed the permissible minimum sentence to run concurrently from the date of sentencing. If a guilty plea is induced by an unfulfilled promise made by the court, either the promise must be honored or the plea must be vacated *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122; *People v De Crescente,* 64 AD2d 746). Of course, if the sentencing court keeps its promise, a defendant cannot withdraw his plea just because he misunderstood the agreement *(People v Cataldo,* 39 NY2d 578; *People v Lang,* 55 AD2d 790; *People v Bradley,* 54 AD2d 1012). Here, since it is highly unlikely that retired Judge Ecker would promise to grant a plea bargain consideration at variance with the law (see Penal Law, § 70.30), defendant's position must be regarded as resting on a misunderstanding of the bargained agreement *(People v Lang, supra; People v Bradley, supra).* Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.