■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DE CRESCENTE, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered February 14, 1979, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. As a result of an incident in the Town of Queensbury, Warren County, on January 7, 1977, defendant was indicted in April of 1977 for the crimes of burglary in the second degree (Penal Law, § 140.25, subd 2) and petit larceny (Penal Law, § 155.25). He thereafter pleaded guilty to the burglary count in full satisfaction of the indictment and, on July 5, 1977, was sentenced as a second felony offender to an indeterminate term of imprisonment with a maximum of four years and a minimum of two years. On an earlier appeal to this court *(People v De Crescente,* 64 AD2d 746), we reversed this judgment of conviction and permitted defendant to withdraw his guilty plea in the interests of justice. This action was taken because of alleged unkept promises by the People to the effect that, in return for inculpatory statements by defendant, he would be allowed to plead guilty to the lesser charge of burglary in the third degree and serve one year's imprisonment in the Warren County Jail and also because defendant moved to withdraw his plea within a reasonable time after its entry. Upon our remission of this case for further proceedings, defendant moved in County Court to suppress the two inculpatory statements which he had given to the police, and a hearing on this motion was conducted on February 13, 1979. At the hearing, it developed that the People had advised defendant's attorney that it would accept a plea of guilty to the lesser charge of burglary in the third degree, and the central question presented was whether defendant was also induced to make his inculpatory statements by a promise that upon his guilty plea, his sentence would be limited to one year in the county jail. The court concluded that no such promise as to sentence had been made and, accordingly, it denied the motion to suppress. On the following day, defendant pleaded guilty to burglary in the third degree, and he was sentenced, as a second felony offender, to an indeterminate term of imprisonment with a maximum of four years and a minimum of two years. This appeal followed. We hold that the judgment of County Court should be affirmed. Seeking a reversal of his conviction and the suppression of his inculpatory statements, defendant continues to ground his plea for relief upon the alleged unkept promise of the People that he would be sentenced only to one year in the county jail. However, not only would such a sentence have been prohibited for a second felony offender, such as defendant, by section 70.06 of the Penal Law, but also, the court's determination that there had been no agreement as to sentence is amply supported by the evidence presented at the suppression hearing. Such being the case, defendant's conviction should not be disturbed. In so ruling, we would point out in conclusion that a contrary result is not required by the statement in our earlier decision in this case relative to the alleged agreement between the parties that "There is no dispute that such an agreement was made." The subject statement was not a finding that the People had agreed that defendant would receive a one-year term in county jail. Instead, it merely reflected the position of the parties to that appeal wherein the existence of the alleged agreement was not disputed. Judgment

affirmed. Greenblott, J. P., Kane, Main and Mikoll, JJ., concur; Herlihy, J., not taking part.