OPINION OF THE COURT
Gloria Cohen Aronin, J.
This is a motion by the defendant pursuant to New York CPL 440.10 (1) (h); 440.20, and 720.10 to vacate the defendant’s plea of guilty, set aside the judgment of conviction and sentence and enter an adjudication of youthful offender status.
*569 FACTS
On September 21, 1978 defendant, then approximately 18 years of age, entered a plea of guilty to manslaughter in the first degree before Honorable John R. Starkey, now retired. On November 17, 1978 he was sentenced to a minimum of 5 and a maximum of 15 years in State prison. The sentence was appealed to the Appellate Division, Second Department, on the grounds of excessiveness. The Appellate Division affirmed, without opinion, on June 11, 1979. Defendant was released on parole on June 20, 1984. Since that time he has been detained in the Immigration and Naturalization Processing Center detention facilities, pending deportation.
Defendant was ordered deported under 8 USC § 1251 (a) (1) because of his illegal entry into the United States. After various immigration proceedings and appeals, the Board of Immigration Appeals has agreed to leave the appeal open, pending the determination of this motion.
A defense to a deportation under this section is that the alien’s life or freedom would be threatened if he returned to his native country. (8 USC § 1253 [h] [1].) However, this defense is rendered useless if the alien was convicted of a serious crime and constitutes a danger to the community. (8 USC § 1253 [h] [2] [B].) Thus, since the above are issues in the open appeal, this motion is not moot although the defendant has served his term and has been released on parole.
The basis of this motion is that the defendant was never informed of any possible immigration consequences of his plea and received ineffective assistance of counsel. Defendant had been charged with murdering his aunt and because of mitigating circumstances, to wit: his age and abusive treatment by his aunt, was permitted to take a plea to a lesser count, manslaughter in the first degree. If convicted of murder, he would have faced a sentence of 15 years to life. The prosecution appeared to have a strong case at that time, based partly on the defendant’s confession.
LAW
Although the appeal of defendant’s sentence precluded any further attacks on the plea, judgment and sentence as to any issues that were raised or could have been raised in the appeal (People u Foley, 96 AD2d 866 [2d Dept 1983]), this does not bar a collateral attack based on ineffective assistance of counsel (People v Welch, 108 AD2d 1020 [3d Dept 1985]; see, *570 People v Batts, 96 AD2d 842 [2d Dept 1983]), an issue that could not possibly be raised in an appeal by the same counsel. Thus, defendant is precluded from raising any other issues, but properly brings this CPL article 440 motion on the grounds of ineffective assistance of counsel. (People v Ramos, 63 NY2d 640 [1984]; People v Roberts, 89 AD2d 912 [2d Dept 1982].)
In any event, the court finds that defendant was not denied due process of law in his plea. A review of the allocution indicates that the plea was voluntary and intelligent. Defendant was represented by counsel and was informed of his rights. The court was under no obligation to inform the defendant of any possible collateral consequences of his plea. (People v Towles, 110 AD2d 729 [2d Dept 1985]; People v Sirianni, 89 AD2d 775 [4th Dept 1982].)
The movant contends that defendant received ineffective assistance of counsel because counsel failed to ask for a recommendation against deportation, because counsel failed to request a certificate of relief from civil disabilities and because counsel failed to inform the defendant of possible immigration consequences of his plea. The New York State courts have held that a defendant is entitled to "reasonable competence” and "meaningful representation” by counsel, not "perfect representation” (People v Modica, 64 NY2d 828 [1985]; People v Baldi, 54 NY2d 137, 146, 147 [1981]), and the guidelines are applied on a case-by-case basis. The United States Supreme Court has held that a guilty plea cannot be attacked on the basis of inadequate legal advice unless counsel was not a reasonably competent attorney and the advice was not " 'within the range of competence demanded of attorneys in criminal cases.’ ” (Strickland v Washington, 466 US 668, 687 [1984].)
While the court can make a recommendation against deportation at the time of sentencing or within 30 days thereafter (8 USC § 1251 [b] [2]), such a recommendation is only effective when the alien is being deported under 8 USC § 1251 (a) (4), i.e., on the basis of being convicted of a crime involving moral turpitude within five years of entry into this country, and not when deportation is under 8 USC § 1251 (a) (1), i.e., that the alien at the time of entry was within one or more of the classes of aliens excludable by the law existing at such time of entry. In this case Mr. Dor’s deportation was ordered on the latter ground and a recommendation against deportation would have been meaningless. Even if it had any meaning, *571 such failure to request would not constitute ineffective assistance of counsel under the standards above described.
Likewise, a failure to request a certificate of relief from civil disabilities did not constitute ineffective assistance. The courts of this State may not issue a certificate of relief from civil disabilities when the defendant is sentenced to a period of incarceration under the jurisdiction of the New York State Department of Correctional Services (State time). (Correction Law § 702 [1].) Thus, since the defendant was sentenced to 5 to 15 years in State prison, a request for such a certificate would have been futile.
In any event, a certificate of relief from disabilities does not bind any judicial, administrative or other body from relying upon the conviction. (Correction Law § 701 [3].) Thus, whether or not the defendant had a certificate does not necessarily affect his deportation proceeding. Movant states, moreover, that a certificate of relief from civil disabilities was granted to the defendant on December 20, 1985 by the New York Board of Parole despite his continued incarceration by the Federal authorities. The Board of Immigration Appeals may, in its discretion, consider that certificate as it would a certificate issued by the court.
Primarily, movant’s position is that counsel’s failure to inform the defendant of the possible deportation consequences of his plea constituted ineffective assistance of counsel. While there do not appear to be any New York State cases directly in point, since the appellate courts in New York have held that misinforming by counsel of direct consequences of a plea, e.g., inaccurate minimum sentence, does not constitute ineffective assistance of counsel (People v Modica, supra), certainly failure to discuss collateral consequence could not rise to ineffective assistance.
The Federal courts have held that failure to inform the defendant as to deportation consequences of his plea, and even misinforming defendant as to such consequences would not constitute ineffective assistance of counsel. (United States v Gavilan, 761 F2d 226 [5th Cir 1985]; United States v Parrino, 212 F2d 919 [2d Cir 1954].) It should also be noted that any deportation consequences are still a discretionary matter with the Attorney-General and not mandatory.
Clearly, defendant received "meaningful representation” by counsel, whose performance was at least "within the range of competence” demanded in similar circumstances. In fact, *572 counsel was able to obtain a very favorable plea agreement by virtue of his investigation and presentation of the mitigating circumstances underlying the crime.
The United States Supreme Court has recently established that the merits of a claim do not have to be examined if the movant fails to allege that prejudice resulted. If prejudice is alleged, the court must look to all of the factors in their totality to determine whether movant would or would not have consented to the plea if he had been fully advised by his attorney. A failure to make such allegations is grounds for denial without even a hearing. (Hill v Lockhart, 474 US —, 88 L Ed 2d 203 [1985].) In the within matter, movant does not even allege that this defendant would not have pleaded guilty if he were aware that deportation might result. A careful examination of the facts and circumstances of the plea, the apparent strength of the People’s case, the long sentence defendant might have faced upon conviction and all other relevant factors would lead the court to believe that, in fact, this defendant would more than likely have pleaded guilty anyhow. Movant, therefore, has failed to establish the vital element of prejudice even if the court were to hold that the defense counsel’s failure to inform defendant of possible deportation consequences was ineffective assistance of counsel.
Movant’s request to enter a finding of youthful offender is not justified. The original defense counsel requested and was denied youthful offender status for his client at the time of the plea and sentence. The granting of youthful offender status for a felony is purely discretionary with the Judge. (CPL 720.20 [1] [a].) Certainly, there was no abuse of discretion in the refusal to grant youthful offender status. The Second Department has found no abuse of discretion in less serious crimes involving much shorter sentences than the case herein. (People v Walsh, 106 AD2d 419 [2d Dept 1984].) There are no provisions of law in the State of New York for a finding of youthful offender status retroactively.
Although the defendant’s character and accomplishments while incarcerated have been attested to in the moving papers, the law does not justify the relief requested by movant.
The motion to vacate the plea set aside the judgment of conviction and sentence and retroactively give defendant youthful offender status is in all respects denied.