■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WELCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered July 15, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Egitto, J.), after a hearing, of the defendant's motion to withdraw his plea of guilty.

Ordered that the judgment is affirmed.

Prior to sentencing, the defendant moved to withdraw his plea of guilty predicated upon a misunderstanding of the plea bargain agreement. He thought he would not have to serve any additional period of incarceration, but would be immediately released on parole, because the credit for time served on a previous conviction that had been reversed on appeal satisfied the minimum term of promised sentence.

At the time the defendant pleaded guilty, the court promised to impose a sentence of one-year-to-life imprisonment and to resentence the defendant, upon an application pursuant to Penal Law § 60.09, to an indeterminate sentence of 1 to 3 years' incarceration. The court also advised the defendant that it had no objection to defense counsel applying to the Division of Parole for permission to have the defendant immediately released on parole, in view of the fact the defendant had served approximately 19 months on a prior reversed conviction, and would accord defense counsel sufficient time to make the application. At the hearing on the defendant's motion to withdraw his guilty plea, both the defendant and his counsel admitted that the court never promised the defendant that he would not have to serve any period of incarceration. Since an objective reading of the plea bargain agreement was susceptible to but one interpretation, the defendant's misunderstanding of the agreement, or disappointment upon discovering that the Parole Board would require his incarceration for a period of time, does not suffice as a reason for permitting him to withdraw his guilty plea *(see, People v Cataldo,* 39 NY2d 578; *People v Latine,* 71 AD2d 697). The sentencing court fulfilled the promises it made at the time it accepted the defendant's plea of guilty. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.