■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANTANA, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Belfi, J.), both rendered August 6, 1986, convicting him of criminal sale of controlled substance in the second degree (2 counts, 1 count as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant failed to raise his objections to the adequacy

of his plea allocution in the County Court, and, accordingly, has not preserved his claim for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Banks,* 117 AD2d 611). A reversal in the interest of justice is not warranted. The defendant, with the advice of counsel, freely negotiated this plea bargain disposing of two separate indictments. The charges under indictment No. 61997 included the class A-I felony of criminal sale of a controlled substance in the first degree predicated upon defendant's active participation in the sale of over one pound of cocaine. The plea bargain enabled the defendant to avoid the possible imposition of a much longer period of incarceration *(see, People v Greenridge,* 129 AD2d 585; *People v Soto,* 111 AD2d 836). A review of the record discloses that the defendant's pleas of guilty to two class A-II felonies were neither improvident nor baseless.

We also reject the defendant's contention that his pleas of guilty were not voluntarily and intelligently made due to his unfamiliarity with the English language. This argument is unavailing in view of the fact an interpreter was present throughout the plea proceedings *(see, People v Herrera,* 107 AD2d 1040). Moreover, the defendant's claim, belatedly raised for the first time on appeal, that he misunderstood the sentence promise is belied by the record. "Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof. A contrary holding would permit any defendant to withdraw his plea of guilty solely because he was disappointed with the sentence received, even though the court has kept its word in that respect" *(People v Cataldo,* 39 NY2d 578, 580). Since an objective reading of the plea bargain was susceptible to but one interpretation, the defendant's purported misinterpretation of the agreement does not suffice as a reason to vacate his guilty pleas *(see, People v Welch,* 129 AD2d 752; *People v Latine,* 71 AD2d 697). Based on this record, the defendant's guilty pleas were entered knowingly and voluntarily *(see, People v Harris,* 61 NY2d 9). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.