■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MARSHALL, Appellant.—

476

The defendant cannot rely upon an alleged off-the-record assertion by his counsel that if the defendant pleaded guilty to a reduced charge under one indictment, the promised sentence would run concurrently with a sentence that might be imposed upon an anticipated finding that he violated a condition of a sentence of probation imposed under another indictment. The claim is belied by the record and in any event is no basis for vacatur of his guilty plea *(see, People v Ramos,* 63 NY2d 640; *People v Cataldo,* 39 NY2d 578; *People v Selikoff,* 35 NY2d 227).* The Supreme Court therefore did not improvidently exercise its discretion when it denied his request for that relief without a hearing *(see,* CPL 220.60 [3]; *People v Tinsley,* 35 NY2d 926, 927). Moreover, there was no improvident exercise of discretion when the court directed that the sentence imposed upon vacatur of the sentence of probation run consecutively to the sentence imposed under the subsequent indictment *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.