■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVAN LEGGETT, Appellant.—Judgment unanimously affirmed. Memorandum: This appeal brings up for review the denial of defendant's motion to withdraw his guilty plea prior to the imposition of sentence on the ground that he misunderstood the plea bargain agreement *(see,* CPL 220.60 [3]). Defendant entered a plea of guilty to the charge of driving while intoxi-

cated as a felony in return for a negotiated sentence of five years' probation and a $1,000 fine. The court was aware that defendant was on parole at the time defendant pleaded guilty but made no promise regarding defendant's parole status. The court imposed the promised sentence.

Where, as here, a sentencing court keeps the promises it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his plea on the sole ground that he misinterpreted or misunderstood the plea bargain agreement *(People v Cataldo,* 39 NY2d 578, 580). Since a fair reading of the plea bargain agreement compels but one interpretation, defendant's subjective misunderstanding of it, or his disappointment upon discovering that the Parole Board would seek to have him incarcerated for a violation of parole, does not provide a reason to permit him to withdraw his guilty plea *(see, People v Welch,* 129 AD2d 752; *see also, People v Santana,* 151 AD2d 518, 519; *People v Henderson,* 130 AD2d 789, 790; *People v Latine,* 71 AD2d 697). Accordingly, we conclude that the court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea. (Appeal from judgment of Livingston County Court, Houston, J.—felony driving while intoxicated.) Present —Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.