■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Doolittle, J.), rendered March 12, 1986, convicting him of murder in the second degree (two counts), robbery in the first degree (three counts) and burglary in the first degree (five counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the minutes of his plea allocution reveal that he voluntarily, intelligently, and knowingly waived his right to appellate review of the denial of those branches of his omnibus motion which were to suppress identification testimony and his statements to law enforcement officials (see, *People v Seaberg*, 74 NY2d 1). Accordingly, this appeal does not bring these issues up for review (see, *People v Winston*, 158 AD2d 565; *People v Green*, 156 AD2d 378).

At sentencing, the defendant moved to withdraw his plea, asserting that he was innocent and that he had misunderstood the promise as to the sentence which would be imposed. We find that the court did not improvidently exercise its discretion in denying the defendant's application. The defendant's purported misunderstanding of the sentence promised as part of the plea agreement was not a sufficient reason to vacate the plea, as the record clearly indicates that the minimum sentence promised was an indeterminate term of 20 years to life imprisonment (see, *People v Santana*, 151 AD2d 518). Moreover, the defendant's assertion of innocence was insufficient to warrant withdrawal of the plea (see, *People v Bourdonnay*, 160 AD2d 1014; *People v Suba*, 130 AD2d 526), particularly since, during the plea allocution, the defendant read aloud his confession to the police and stated that the facts stated

therein were true. The defendant's contentions on appeal regarding the adequacy of the plea allocution were not raised in the County Court and are therefore unpreserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Santana, supra).* In any event, a review of the record reveals that the defendant's plea of guilty was neither improvident nor baseless and was knowingly, voluntarily, and intelligently made *(see, People v Harris,* 61 NY2d 9).

Viewing in totality the circumstances of this case, the defendant's attorney afforded him meaningful representation in advising him to accept the plea offer *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). The proof of the defendant's guilt was overwhelming, and he faced a substantially greater sentence than the offer of 20 years to life imprisonment if he were convicted after a trial. Contrary to the defendant's contention, the defense counsel's failure to join in his *pro se* application to withdraw the plea at sentencing did not constitute ineffective assistance of counsel *(see, People v Bourdonnay, supra; People v Doherty,* 134 AD2d 513). There was no basis for vacatur of the plea, and the defense counsel was aware that the defendant's accomplice had received a substantially greater sentence after a jury trial. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.