■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER KEARNEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered February 8, 1989, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has completed his sentence but is being detained under a Immigration and Naturalization Service warrant pursuant to 8 USC § 1251 (former [a] [11]). On this appeal, he claims that he was denied the effective assistance of counsel in that his attorney erroneously informed him that the court would make a judicial recommendation against deportation (see, 8 USC § 1251 [former (b) (2)]). The claim is belied by the minutes of the plea proceedings during which the defendant expressly represented to the court that no promises other than those on the record were made to him. In any event, counsel is not required to warn a defendant of the potential immigration consequences of a guilty plea (see, United States v Campbell, 778 F2d 764; People v Avila, 177 AD2d 426; People v Towles, 110 AD2d 729). Furthermore, in light of the very favorable plea negotiated by his counsel, we reject the defendant's present contention that had he known of the mandatory deportation, he would not have pleaded guilty.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK KING, Also Known as FRANCIS KING, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered May 10, 1991.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.