■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO CUELLO, Also Known as SANTO VALDEZ CUELLO, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered June 26, 1987, convicting defendant, upon his plea of guilty of manslaughter in the first degree, and sentencing him to a term of 7 to 21 years, and order of the same court, entered March 4, 1991, denying defendant's motion pursuant to CPL 440.20 to set aside the sentence and for resentencing with a judicial recommendation against deportation, unanimously affirmed.

Defendant is barred from seeking a judicial recommendation against deportation (JRAD) because of the retroactive repeal of the abolition of JRAD provisions relating thereto (Immigration Act of 1990 § 505 [a], Pub L 101-649, 104 US Stat 4978, 5050). Since the abolition of JRADs did not enhance *criminal* punishment, there is no violation of the Ex Post Facto Clause *(see, United States v Koziel,* 954 F2d 831, 835; *People v Gabot,* 176 AD2d 894, *lv denied* 79 NY2d 947). Nor is there a violation of due process of law, since a decision to grant a JRAD is discretionary *(see, United States v Koziel, supra,* at 835).

We note that defendant's claim of ineffective assistance of counsel should have been brought by a motion pursuant to CPL 440.10 to vacate the judgment, not by way of a motion pursuant to CPL 440.20 to set aside the sentence *(see, People v Brown,* 45 NY2d 852). In any event, we agree with the trial court that, on the whole, trial counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147). Faced with the People's strong case for second degree murder, trial counsel negotiated a plea to first degree manslaughter and for a prison term much shorter than defendant would have received had he been convicted of the murder. Moreover, a failure to request a JRAD in and of itself does not constitute ineffective assistance of counsel *(see, Santos v Kolb,* 880 F2d 941, 945, *cert denied* 493 US 1059).

The sentence is not excessive. Having benefited from the plea bargain, defendant should be bound by its terms *(see, People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918). Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.