■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ODITNARIAN BOODHOO, Appellant. [593 NYS2d 882] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Cooperman, J.), dated April 16, 1991, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 8, 1989, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant, who is a legal resident alien, and two others were indicted for the crimes of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree. The defendant subsequently pleaded guilty to grand larceny in the fourth degree in full satisfaction of the indictment and in return for a promised sentence of one year imprisonment. When the defendant was released from prison after having served nearly eight months of his sentence, the Immigration and Naturalization Service commenced deportation proceedings against him. The defendant thereafter brought a motion under CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel.

Contrary to the defendant's arguments, we find that the court properly denied his CPL 440.10 motion. The evidence, the law, and the circumstances of this case, when viewed in their totality as of the time of the representation, indicate that defense counsel provided meaningful representation (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137). As has often been observed, "when a defendant receives an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel, defendant is deemed to have been furnished meaningful representation" (People v Mayes, 133 AD2d 905, 906; see also, People v Lynch, 156 AD2d 884; People v Moore, 155 AD2d 696).

Moreover, the defendant's contention that he was denied the effective assistance of counsel because his attorney failed to advise him that deportation was a possible consequence of conviction is without merit (see, People v Avila, 177 AD2d 426; People v Dor, 132 Misc 2d 568). This Court has recently stated that "counsel is not required to warn a defendant of the potential immigration consequences of a guilty plea" (People v Kearney, 186 AD2d 270; see also, United States v Yearwood, 863 F2d 6; United States v Del Rosario, 902 F2d 55, cert denied 498 US 942; United States v Nino, 878 F2d 101). Nor does the failure of counsel to request a judicial recommenda-

tion against deportation support a claim of ineffective assistance of counsel in this case *(see, People v Cuello,* 188 AD2d 428; *People v Gabot,* 176 AD2d 894). Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.