■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ILGNAZIO GAGLIARDO, Appellant. [619 NYS2d 374] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered January 11, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On March 17, 1992, defendant was indicted and charged with criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. On December 17, 1992, defendant pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of the indictment and was thereafter sentenced to an indeterminate term of imprisonment of five years to life.

On this appeal, defendant contends that his plea was not knowingly and voluntarily made because his attorney neglected to advise him, as an alien, of the potential for deportation as the result of his guilty plea. We disagree. The fact that defendant was subject to deportation pursuant to the Immigration and Nationality Act *(see,* 8 USC § 1251 *et seq.)* is a collateral consequence of his plea about which counsel was under no obligation to advise *(see, People v Boodhoo,* 191 AD2d 448; *People v Avila,* 177 AD2d 426, *lv denied* 79 NY2d 918). Moreover, nothing in the record indicates that counsel was even aware of defendant's alien status at the time he entered the plea. A review of the plea allocution reveals that, in all other respects, defendant's plea was knowingly and voluntarily made and the judgment should therefore be affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.