■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL MARTIN, Appellant. [653 NYS2d 863] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered December 16, 1994, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant entered a plea of guilty pursuant to *North Carolina v Alford* (400 US 25) to the crime of attempted robbery in the first degree. The unusual plea agreement between the parties provided that prior to sentencing, the defendant would undergo a polygraph examination to be performed by the District Attorney's office. Under the clear terms of that agreement, the charges would be dismissed if the examination revealed that the defendant's denial of involvement in the charged robbery was determined to be truthful, while the plea of guilty would stand if the defendant's denials were found to be false. In the event that the test results proved inconclusive, the defendant would be entitled to take another polygraph examination.

Contrary to the defendant's contention, the Supreme Court properly determined that he failed the polygraph examination. Moreover, the court was not obligated to consider the results of a second test which the defendant independently underwent, since that test was not contemplated under the terms of the plea agreement.

Similarly, the Supreme Court did not improvidently exercise its discretion in rejecting the defendant's alternative requests to conduct a hearing on the issue of whether the polygraph test was administered fairly or to permit him to withdraw his plea of guilty in the interest of justice. The defendant's claims in support of these requests were vague and unsubstantiated and did not warrant the granting of such relief.

Inasmuch as an objective reading of the plea agreement demonstrates that its terms were complied with *(see generally, People v Cataldo,* 39 NY2d 578), the Supreme Court properly upheld the plea of guilty and imposed the negotiated sentence. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.