■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO MORALES, Appellant. [696 NYS2d 25] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered on or about April 2, 1998, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in

the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly refused to permit defendant to withdraw his plea. Defendant was advised at the time his plea of guilty was entered that he was expected to be admitted into a drug program on a specified future date, but that if anything went wrong, he could withdraw his plea. He was then further advised that if he completed the program he would be permitted to replead to a misdemeanor, but that if he failed to complete the program he would receive 4½ to 9 years in prison. When defendant appeared for sentencing after having been ejected from the program for theft, he claimed to have understood that he could withdraw his plea in such event. We find that the plea agreement was objectively clear (*see, People v Cataldo*, 39 NY2d 578, 580) in informing defendant that while his inability to enter the program in the first place would entitle him to withdraw his plea, his failure to complete such program would not. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Andrias, JJ.