■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PERALTA, Appellant. [711 NYS2d 723] —Order, Supreme

Court, New York County (Jeffrey Atlas, J.), entered on or about April 7, 1999, which denied defendant's motion pursuant to CPL article 440 to vacate a judgment, same court and Justice, rendered March 5, 1996, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

At the time defendant's plea was taken, while the court advised defendant that it would attempt to persuade the People to reduce the felony plea to a misdemeanor at the time of sentence provided defendant underwent psychiatric treatment, it made it clear to defendant that there was no guarantee about the success of such a request. The sentencing minutes sufficiently establish that the People steadfastly refused to consent to such a reduction. Accordingly, an objective reading of the record establishes that the plea was voluntary and that there were no unfulfilled promises (*see, People v Cataldo*, 39 NY2d 578). Thus, the motion to vacate was properly denied without a hearing, and there was no need for the court to recuse itself on the motion, given the absence of any factual issue upon which the court would be required to testify. The record further establishes that defendant received meaningful representation in connection with his plea and sentence (*see, People v Ford*, 86 NY2d 397, 404). We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.