■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BONILLA, Also Known as DERICK BONILLA, Also Known as DANIEL MARIN, Appellant. [736 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 3, 1999, convicting him of sexual abuse in the first degree (three counts) and bail jumping in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 2⅓ to 7 years on the conviction of sexual abuse in the first degree under the first count of the indictment, 1 to 3 years on the conviction of sexual abuse in the first degree under the second count of the indictment, 1 to 3 years on the conviction of sexual abuse in the first degree under the third count of the indictment, and 1⅓ to 4 years on the conviction of bail jumping in the second degree, to run consecutively to each other.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of sexual abuse in the first degree under the first count of the indictment shall run concurrently with the term of imprisonment imposed on the conviction of sexual abuse in the first degree under the second count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Concerning the three counts of sexual abuse in the first degree (*see,* Penal Law § 130.65 [1]), the prosecution adduced overwhelming evidence at trial establishing that the defendant accosted the complainant in the vestibule of her Brooklyn apartment building. As he restrained the complainant with one arm, the defendant reached beneath her skirt and fondled her buttocks and vagina. The complainant screamed and slapped the defendant, momentarily interrupting the attack. The defendant then touched the complainant's breasts. When the complainant's screams attracted the attention of passers-by who summoned the police, the defendant fled. He was immediately apprehended while in flight and was identified by the complainant and other witnesses. Thus, the defendant's challenges raised in his supplemental pro se brief to the sufficiency of the evidence supporting his conviction on the three counts of sexual abuse in the first degree are without merit (*see, People v Hulbert,* 183 AD2d 849). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, the Supreme Court properly imposed consecutive sentences on the convictions of sexual abuse in the first degree under the first and third counts of the indictment, since they charged two distinct acts of sexual abuse occurring before and after the complainant slapped him (*see, People v Otero,* 268 AD2d 615; *People v May,* 263 AD2d 215, 221; *People v Benn,* 213 AD2d 489). The Supreme Court also properly directed that the sentence on the conviction of bail jumping in the second degree run consecutively to the other sentences imposed (*see,* Penal Law § 70.25 [2-c]). However, the charges of sexual abuse in the first degree under the first and second counts of the indictment essentially arose from a single act, and thus the sentences imposed thereon must run concurrently with each other (*see,* Penal Law § 70.25 [2]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, Acting P.J., S. Miller, Luciano and Crane, JJ., concur.