■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN L. DALLAS, JR., Also Known as CALVIN DALLAS, Appellant. [817 NYS2d 535]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered April 23, 2004, convicting him of sodomy (now criminal sexual act) in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court

legally imposed consecutive sentences for his convictions of sodomy (now criminal sexual act) in the second degree, as each count involved a separate and distinct sexual act (*see People v Bonilla,* 290 AD2d 454, 455 [2002]; *People v Gersten,* 280 AD2d 487, 487-488 [2001]; *People v White,* 261 AD2d 653, 657-658 [1999]).

To the extent that the defendant's claims of ineffective assistance of trial counsel raised in his supplemental pro se brief involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Reels,* 17 AD3d 488, 489 [2005]; *People v Campbell,* 6 AD3d 623, 624 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Aguirre,* 304 AD2d 771 [2003]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defendant's trial counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 147 [1981]). The defendant received an advantageous plea, and the record does not cast doubt on the apparent effectiveness of counsel (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Reels, supra; People v Boodhoo,* 191 AD2d 448, 449 [1993]).

The defendant's claim that he was denied the effective assistance of appellate counsel, raised in his supplemental pro se brief, is not properly before us on this appeal (*see People v Bachert,* 69 NY2d 593, 595-596 [1987]; *People v Dawkins,* 27 AD3d 576 [2006]; *People v Velez,* 286 AD2d 406 [2001]; *People v Pachay,* 185 AD2d 287, 287-288 [1992]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.