■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA MENZE, Appellant. [847 NYS2d 202]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiFiore, J.), rendered December 2, 2004, convicting her of assault in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The right of a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]). Here, the sentencing court did not improvidently exercise its discretion in denying the defendant's application to withdraw her guilty plea. "Nothing in the record of the plea allocution called into question the voluntary, knowing and intelligent nature of defendant's bargained-for plea" (*People v Seeber*, 4 NY3d at 780; *see People v Lopez*, 71 NY2d 662, 666 [1988]). Moreover, despite being given a reasonable opportunity to present the basis for her application, the reasons proffered by the defendant were either belied by the record or without merit. Furthermore, under these circumstances, the court was not required to assign new counsel merely because the defendant's attorney declined to join in her pro se application to withdraw her guilty plea (*see People v Harris*, 251 AD2d 79 [1998]; *People v Kelly*, 232 AD2d 314 [1996]; *People v Campbell*, 180 AD2d 808 [1992]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.