■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYDNEY THOMAS, Appellant. [853 NYS2d 329]—

Defendant's guilty plea to a felony had been accompanied by a promise that he could obtain a misdemeanor disposition upon successful completion of a drug program. Defendant, who asserts he successfully completed the inpatient portion of the drug program, admittedly failed to complete the aftercare portion. He claims he was not informed, at the time of his plea, that he had to complete both the residential and aftercare portions, and argues that he was thus improperly sentenced under the felony plea. Regardless of whether defendant made a valid waiver of his right to appeal, or whether such a waiver would apply to this type of issue, defendant did not preserve his present claim (*see People v McNair*, 22 AD3d 376 [2005], *lv denied* 6 NY3d 778 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The objectively clear terms of the plea agreement (*see People v Cataldo*, 39 NY2d 578 [1976]) obligated defendant, without limitation, to complete the drug treatment provided by Treatment Alternative to Street Crimes, and he failed to do so.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.