THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. GARRETT, Appellant. [888 NYS2d 908]

To the extent that the defendant's claims of ineffective assis-

tance of trial counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Johnson*, 64 AD3d 792 [2009]; *People v Johnson*, 59 AD3d 738 [2009]; *People v Dallas*, 31 AD3d 573, 574 [2006]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defendant's trial counsel provided meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the defendant's contention, he received an advantageous plea, and the record does not cast doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Dallas*, 31 AD3d at 574; *People v Boodhoo*, 191 AD2d 448, 449 [1993]). Furthermore, the record does not support the defendant's contention that he was denied the effective assistance of counsel under the Federal Constitution (*see Hill v Lockhart*, 474 US 52, 59 [1985]; *Strickland v Washington*, 466 US 668 [1984]; *People. v McDonald*, 1 NY3d 109, 113-114 [2003]).

Moreover, since the defendant pleaded guilty with the understanding that he would receive the sentence which thereafter was actually imposed, he has no basis to now complain that his sentence was excessive (*see People v Schnoor*, 63 AD3d 760 [2009], *lv denied* 12 NY3d 929 [2009]; *People v De Alvarez*, 59 AD3d 732 [2009]; *People v Kazepis*, 101 AD2d 816 [1984]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.