■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO A. RODRIGUEZ, Also Known as "LITE," Appellant. [950 NYS2d 279]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered September 6, 2011, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court allegedly misinformed him of the potential sentence that he would receive if he pleaded guilty. The plea minutes reveal that the defendant was advised by the County Court that the promised prison term would be capped at nine years, with three years of postrelease supervision, provided that the defendant complied with the conditions of his plea agreement. The defendant acknowledged that he understood the terms of the promised sentence and the conditions of his plea agreement. At sentencing, after defense counsel spoke on the defendant's behalf and the defendant made a statement on his own behalf, the County Court imposed a sentence of nine years of imprisonment plus a period of three years of postrelease supervision. Contrary to the defendant's contention, an objective reading of the plea agreement demonstrates that its terms were complied with, and the defendant's misinterpretation of the agreement or his disappointment with his sentence does not suffice as a reason for vacating his plea of guilty (see People v Cataldo, 39 NY2d 578, 579-580 [1976]; People v Hulsey, 244 AD2d 358, 359 [1997]; People v Martin, 235 AD2d 551 [1997]; People v Davis, 161 AD2d 787, 788 [1990]; People v Welch, 129 AD2d 752 [1987]).

The defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed, at sentencing, to argue for a lesser sentence than that imposed is belied by the record. Furthermore, the defendant is deemed to have been furnished meaningful representation, since he received an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel (see People v Henry, 95 NY2d 563, 566 [2000]; People v Ford, 86 NY2d 397, 404 [1995]; People v Moss, 74 AD3d 1360 [2010]; People v Garrett, 68 AD3d 781, 782 [2009]; People v Boodhoo, 191 AD2d 448, 449 [1993]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.