Contrary to the defendant’s contention, the County Court adhered to the terms and conditions of the plea agreement. An objective reading of the plea agreement demonstrates that its terms were complied with, and the defendant’s misinterpretation of the agreement, or his disappointment with his sentence, does not suffice as a reason for vacating his plea of guilty (see People v Cataldo, 39 NY2d 578, 579-580 [1976]; People v Rodriguez, 98 AD3d 693 [2012]; People v Hulsey, 244 AD2d 358, 359 [1997]; People v Martin, 235 AD2d 551 [1997]; People v Davis, 161 AD2d 787, 788 [1990]; People v Welch, 129 AD2d 752 [1987]).
*1026 The defendant’s contention that he was deprived of the effective assistance of counsel is without merit. His argument that, at sentencing, his attorney “did little” to attempt to obtain a sentence less than the one actually imposed, is belied by the record. Furthermore, the defendant received an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel (see People v Henry, 95 NY2d 563, 566 [2000]; People v Ford, 86 NY2d 397, 404 [1995]; People v Moss, 74 AD3d 1360 [2010]; People v Garrett, 68 AD3d 781, 782 [2009]; People v Boodhoo, 191 AD2d 448, 449 [1993]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Dillon, J.R, Hall, Roman and Cohen, JJ., concur.