The court properly concluded that defendant failed to meet the conditions of his plea agreement (see generally People v Jenkins, 11 NY3d 282 [2008]). Over a period of 81/2 years, the court gave defendant many opportunities to earn a dismissal of the indictment under the Drug Treatment Alternative to Prison program. Instead, defendant violated the terms of his original plea agreement by relapsing into drug use, absconding from aftercare and having conflicts with the law that included a new drug conviction. Defendant’s obligations under the original agreement were clear (see People v Cataldo, 39 NY2d 578 [1976]). Defendant’s brief successes in drug treatment, followed by relapses, did not satisfy the terms of the agreement.
Defendant did not preserve his contention that the second plea agreement he entered into was a nullity because it contained allegedly unconstitutional postplea conditions, and we decline to review it in the interest of justice. As an alternate holding, we reject this claim on the merits. By the time defendant entered into the second agreement, he had already violated the first one. While these violations made defendant eligible for a sentence of incarceration, the court provided him with another opportunity to avoid a prison term by complying with the *618 terms of the new agreement. Defendant voluntarily agreed to the second agreement, and then violated its terms as well.
We perceive no basis for dismissing the indictment in the interest of justice. Concur — Tom, J.P., Renwick and DeGrasse, JJ.