■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL CASTILLO, Appellant. [964 NYS2d 157]—

Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), rendered May 5, 1995, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

The court properly declined to adjudicate defendant a youthful offender (YO). At the time of defendant's guilty plea, the court promised YO treatment and probation on the conditions that defendant return for sentencing and avoid any further difficulties with the law. However, defendant absconded, and the court sentenced him in his absence. The sentence was executed in 2009 after defendant was brought back to court.

Defendant now asserts that in explaining the terms of the plea, the court stated, or ambiguously suggested, that failing to appear, unlike a new conflict with the law, would only result in forfeiture of probation but not forfeiture of YO treatment. At

the in absentia sentencing, defense counsel requested YO treatment. However, he merely asserted, without explanation, that he "believe[d]" YO treatment "is possibly guaranteed." This was insufficient to alert the court to the specific legal claim defendant raises on appeal (*see generally People v Gray*, 86 NY2d 10, 19 [1995]), and we decline to review this claim in the interest of justice. As an alternative holding, we find that the court's explanation of the plea conditions was objectively clear (*see People v Cataldo*, 39 NY2d 578, 580 [1976]) regarding the consequences of absconding, and that defendant's interpretation makes little or no sense. Concur—Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.