■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY H. GAINES, JR., Appellant. [974 NYS2d 266]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered August 6, 2012, convicting him of operating a motor vehicle while under the influence of alcohol, as a felony, and aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the Supreme Court allegedly misinformed him of the potential sentence that he would receive if he pleaded guilty is unpreserved for appellate review (*see People v Murray*, 15 NY3d 725 [2010]; *cf. People v McAlpin*, 17 NY3d 936 [2011]; *People v Louree*, 8 NY3d 541 [2007]). In any event, an objective reading of the plea agreement demonstrates that its terms were complied with, and the defendant's misinterpretation of the agreement or his disappointment with his sentence does not suffice as a reason for vacating his plea of guilty (*see People v Cataldo*, 39 NY2d 578, 579-580 [1976]; *People v Philpot*, 99 AD3d 1025 [2012]; *People v Rodriguez*, 98 AD3d 693 [2012];

*People v Hulsey*, 244 AD2d 358, 359 [1997]; *People v Welch*, 129 AD2d 752 [1987]).

The defendant's claim that he was deprived of the right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]; *People v Haynes*, 70 AD3d 718 [2010]; *People v Moran*, 57 AD3d 1010 [2008]).

The defendant's remaining contention is without merit. Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.