People v Gordon (2019 NY Slip Op 09285)





People v Gordon


2019 NY Slip Op 09285


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-02042
 (Ind. No. 17-00018)

[*1]The People of the State of New York, respondent,
v
Zenas R. Gordon, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (IDV Part) (Lori Currier Woods, J.), rendered February 15, 2018, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty in the County Court to assault in the second degree. During the plea allocution, the defendant acknowledged that he understood that at sentencing the assistant district attorney was going to recommend a determinate term of imprisonment of five years, but that the court was not bound by that recommendation, and that no one had promised him anything different or anything other than what he had just been told. The court also indicated that it had not yet received the presentence investigation report, but that, based on the information then known, it would likely impose a sentence that did not include a period of incarceration beyond what the defendant had already served. At sentencing, having reviewed the presentence investigation report, the court concluded that the defendant's sentence should include a period of incarceration beyond what the defendant had already served. The defendant made an application, in effect, to withdraw his plea. The court denied the defendant's application and imposed a determinate term of imprisonment of three years followed by three years of postrelease supervision. The defendant appeals.
The defendant contends that his plea was involuntary because it was induced by an unfulfilled promise. However, the County Court made no promise regarding the sentence except to inform the defendant that the prosecutor was recommending a term of imprisonment of five years. Although the court indicated during the plea proceeding that it would likely impose a sentence that did not include a period of incarceration beyond what the defendant had already served, the court was unaware of the defendant's prior conviction, and it expressly retained the discretion to determine an appropriate sentence subject to its review of the presentence investigation report (see People v Selikoff, 35 NY2d 227, 238). An objective reading of the plea agreement demonstrates that its terms were complied with, and the defendant's misinterpretation of the agreement or his disappointment with his sentence does not suffice as a reason for vacating his plea of guilty (see People v Cataldo, [*2]39 NY2d 578, 579-580; People v Gaines, 110 AD3d 1099; People v Philpot, 99 AD3d 1025; People v Rodriguez, 98 AD3d 693). Accordingly, the court providently exercised its discretion in denying the defendant's application, in effect, to withdraw his plea of guilty.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court